**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| BRANDON LANE, DEBBIE O'CONNOR, and MICHELLE WILLIAMS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN OF NORTH AMERICA, INC, and NISSAN MOTOR CO. LTD.<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I.     INTRODUCTION

1.      Plaintiffs Brandon Lane, Debbie O'Connor and Michelle Williams ("Plaintiffs") bring this action individually and on behalf of all similarly situated persons ("Class Members") who purchased or leased any 2015 through present Nissan Pathfinder vehicle in the United States ("Class Vehicles") that was designed, manufactured, distributed, marketed, sold or leased by Defendants Nissan of North America, Inc. and Nissan Motor Company, Ltd. ("Defendants" or "Nissan").

2.      Prior to making the Class Vehicles available to consumers, Defendants knew that the Class Vehicles contain one or more design and/or manufacturing defects that can cause the continuously variable transmission ("CVT") to malfunction ("CVT Defect").

3.      Numerous Class Vehicle owners have reported a significant delay in the Class Vehicle's response while attempting to accelerate from a stop or while cruising, such as when attempting to merge into freeway traffic or pass another vehicle, which requires the ability to accelerate rapidly.  This delay in response is often accompanied by engine revving while the driver depresses the gas pedal without little to no increase in vehicle speed.  Class Vehicle owners have also experienced and reported stalling, jerking, lurching, juddering and/or shaking while operating

their Class Vehicles. Some Class Vehicle owners have reported rough shifting or delayed engagement when shifting from park into reverse and/or drive.

4.      The CVT Defect has been documented to occur without warning during vehicle operation and poses an extreme and unreasonable safety hazard to drivers, passengers and pedestrians. These safety hazards include being unable to maintain the proper speed to integrate seamlessly into the flow of traffic, especially on highways or freeways, putting drivers at risk of being rear ended or otherwise instigating an accident unless they pull off the road. Two owners complained to the National Highway Transportation Safety Authority ("NHTSA") as follows[1]:

> **NHTSA Id. No. 11100733 Date June 2, 2018:** TRANSMISSION WHEN PRESSING ON THE GAS HAPPENS ANYTIME AT ANY SPEED, THE WHOLE CAR SHAKES AND THE VEHICLE DOESN'T WANT TO SPEED UP. WAS MERGING ONTO HIGHWAY AND PRESSED ON THE ACCELERATION JUST A LITTLE BIT AND THE VEHICLE DID NOT WANT TO SPEED UP. ALL IT DID FOR A FEW SECONDS WAS SHAKE AND SHIMMY THE VEHICLE. FELT LIKE THE TRANSMISSION WAS HAVING ISSUES. THIS STARTED TO HAPPEN AT 30,000 MILES WITH THE VEHICLE THAT WAS JUST BARELY 2 YEARS OLD. BROUGHT TO DEALERSHIP AND WAS TOLD NOTHING IS WRONG WITH TRANSMISSION BUT AN OUTDATED SOFTWARE FOR CVS TRASNMISSSION, THEY UPDATED IT AND THE VEHICLE HAS WAY HIGHER RPMS WHEN YOU PRESS THE GAS EVERY SO LITTLE AND THE TRANSMISSION STILL DOES THE SAME ISSU AS BEFORE. NISSAN STILL STATES NOTHING IS WRONG. I BEG TO DIFFER WHEN I'M GETTING ON THE INTERSTATE AND THE WHOLE VEHICLE SHAKES AND DOESN'T WANT TO MOVE AND ALMOST CAUSED A CRASH BY BEING HIT WHEN VEHICLE WON'T SPEED UP BUT WANTS TO SHAKE AND SHIMMY THE ENTIRE VEHICLE FOR A FEW SECONDS THEN GO IS A SAFETY ISSUE!

> **NHTSA Id. No. 11034516 Date September 22, 2017:** MY VEHICLE IS A 2017 NISSAN PATHFINDER. WHEN DRIVING AND COMING TO A STOP, THEN ATTEMPTING TO ENTER TRAFFIC OR CLIMB A HILL, THERE IS NO ACCELERATION. IT HAS A HESITATION WHICH IS VERY CONCERNING WHEN ATTEMPTING TO MERGE INTO TRAFFIC. MY VEHICLE ALMOST APPEARS TO SPUTTER OUT. THIS HAS OCCURRED WITH ME SEVERAL TIMES BUT WITH FRIENDS AND FAMILY IN THE VEHICLE AT LEAST FOUR TIMES. THE DEALER DID ATTEMPT TO REMEDY THE SITUATION WITH A RECALLED PART ON THE TRANSMISSION, HOWEVER, IT IS STILL

---

[1] Spelling and grammatical errors in consumer complaints reproduced herein remain as found in the original.

HAPPENING. I HAVE BEEN DEALING WITH THIS ISSUE SINCE FEBRUARY 2017, STILL ONGOING.

5.     In addition to these obvious safety hazards, the cost to repair the CVT Defect can be exorbitant, requiring consumers to pay significant sums to repair their Class Vehicles.  The Class Vehicles thus differ materially from the product Nissan intended to sell.  Nissan intended to produce vehicles with CVTs that shift smoothly and continuously.  Instead, Nissan produced vehicles that do not accelerate when prompted to accelerate, and that shake, shudder, jerk, judder and fail prematurely.

6.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew the Class Vehicles were defective and not fit for their intended purpose of providing consumers with safe and reliable transportation at the time of the sale and thereafter.  Defendants have actively concealed the true nature and extent of the CVT Defect from Plaintiffs and the other Class Members, and failed to disclose it to them, at the time of purchase or lease and thereafter.  Had Plaintiffs and prospective Class Members known about the CVT Defect, they would not have purchased the Class Vehicles or would have paid less for them.

7.     Plaintiffs are informed and believe, and based thereon allege, that despite notice of the CVT Defect from, among other things, pre-production testing, numerous consumer complaints, warranty data, and dealership repair orders, Defendants have not recalled the Class Vehicles to repair the Defect, have not offered their customers a suitable repair or replacement free of charge, and have not offered to reimburse all Class Vehicle owners and leaseholders the costs they incurred relating to diagnosing and repairing the CVT Defect.

8.     Nissan knew of and concealed the CVT Defect that is contained in every Class Vehicle, along with the attendant dangerous safety problems and associated repair costs, from Plaintiffs and the other Class Members both at the time of sale and repair and thereafter.  As a result of their reliance on Defendants' omissions and/or misrepresentations, owners and/or lessees of the Class Vehicles have suffered ascertainable loss of money, property, and/or loss in value of their Class Vehicles.

## II.  PARTIES

**Plaintiffs**

### Brandon Lane - California

9.      Brandon Lane is a California citizen who lives in Chino, California.  Mr. Lane purchased a new 2017 Nissan Pathfinder from Metro Nissan of Montclair in Montclair, California, in June of 2017.   Prior to purchase, Mr. Lane spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted by Nissan on the vehicle and test drove the vehicle.  Mr. Lane was never informed by the dealer sales representative that the vehicle suffered from the CVT Defect and relied upon this fact in purchasing the vehicle.  Had Mr. Lane been informed that his vehicle suffered from the CVT Defect, he would not have purchased it.  Mr. Lane purchased his vehicle primarily for personal, family or household purposes.   Mr. Lane's vehicle was designed, manufactured, sold, distributed, advertised, marketed, and warranted by Nissan.

10.      Approximately a year after purchase, Mr. Lane began to experience the CVT Defect, including jerking and hesitation when accelerating from a stop and when accelerating while in motion such as, for example, when attempting to merge on to the highway.  On or about June 10, 2020, Mr. Lane took his vehicle to Metro Nissan to complain about the problems he was experiencing.   Metro Nissan confirmed that the problems were due to an internal transmission failure and replaced the transmission assembly with a "remanufactured" transmission with an unknown number of miles on it under warranty.

11.      Unfortunately, within weeks of this replacement the symptoms returned.  For example, when accelerating from a stop the vehicle hesitates and then jerks into gear.  When merging on to the free way or attempting to pass other cars on the freeway, the CVT "slips" before changing gears.   On information and belief, this is because when CVT repairs and replacements are performed, one defective component is simply replaced with another.  On or about October 15, 2020, Mr. Lane returned to Metro Nissan to complain again of the problems he was experiencing.  The dealership performed a diagnostic and test drove the vehicle but

claimed that there were "no problems at this time." As described in further detail herein, further repair attempts would have been futile given Defendants' steadfast refusal to acknowledge the true nature and extent of the CVT Defect and provide an adequate remedy.

12. At all times, Mr. Lane has driven his vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**Debbie O'Connor - Ohio**

13. Debbie O'Connor is an Ohio citizen who lives in Cincinnati, Ohio. Ms. O'Connor purchased a new 2015 Nissan Pathfinder from Jeff Wyler Nissan at Kings Automall in Cincinnati, Ohio, in about December of 2015. Prior to purchase, Ms. O'Connor spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted by Nissan on the vehicle and test drove the vehicle. Ms. O'Connor was never informed by the dealer sales representative that the vehicle suffered from the CVT Defect and relied upon this fact in purchasing the vehicle. Had Ms. O'Connor been informed that her vehicle suffered from the CVT Defect, she would not have purchased it. Ms. O'Connor purchased her vehicle primarily for personal, family or household purposes. Ms. O'Connor's vehicle was designed, manufactured, sold, distributed, advertised, marketed, and warranted by Nissan.

14. Shortly after purchase, Ms. O'Connor's vehicle began to exhibit the CVT Defect. For example, Ms. O'Connor's vehicle would hesitate to accelerate both from a stop and when attempting to pick up speed while cruising, and jerk abruptly when it did engage. Ms. O'Connor took her vehicle to Jeff Wyler Nissan and explained the problems she was experiencing. However, the service representative who inspected the vehicle stated that it was operating normally and did not perform any repairs. Ms. O'Connor's vehicle continues to exhibit the CVT Defect. As described in further detail herein, further repair attempts would have been futile given Defendants' steadfast refusal to acknowledge the true nature and extent of the CVT Defect and provide an adequate remedy

15. At all times, Ms. O'Connor has driven her vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**Michelle Williams - Ohio**

16.     Michelle Williams is an Oregon citizen who lives in Corvallis, Oregon.  Ms. Williams purchased a new 2015 Nissan Pathfinder from Jeff Wyler Nissan at Kings Automall in Cincinnati, Ohio, in about December of 2015.  Prior to purchase, Ms. Williams spoke with the dealer sales representative about the vehicle, inspected the Monroney sticker posted by Nissan on the vehicle and test drove the vehicle.  Ms. Williams was never informed by the dealer sales representative that the vehicle suffered from the CVT Defect and relied upon this fact in purchasing the vehicle.  Had Ms. Williams been informed that her vehicle suffered from the CVT Defect, she would not have purchased it.  Ms. Williams purchased her vehicle primarily for personal, family or household purposes.  Ms. Williams' vehicle was designed, manufactured, sold, distributed, advertised, marketed, and warranted by Nissan.

17.     In or about May of 2018, Ms. Williams experienced a jerking sensation while she was driving.  On or about May 31, 2018, Ms. Williams took her vehicle to Nissan of Staten Island, in Staten Island, New York and told the service representative of the problems she was experiencing.  The service representative inspected her vehicle, but told her nothing was wrong with it and that she had probably just put bad gasoline in her vehicle.

18.     In or about mid-December 2020, Ms. Williams' felt a jerking/chugging sensation while driving on the highway.  When she depressed the gas pedal the vehicle would hesitate and then lunge.  Going uphill it felt as if the vehicle was going to lose power altogether, and going downhill the vehicle shuddered.  On or about December 22, 2020, Ms. Williams took her vehicle to Kiefer Nissan of Corvallis in Corvallis, Oregon and told the service representative of the problems she was experiencing.  The service representative inspected her vehicle and told her that she needed a new transmission for which she would have to pay approximately $5,800 out-of-pocket.

19.     A day after Ms. Williams' counsel notified Nissan that Ms. Williams intended to participate as a representative plaintiff in this action, a Nissan representative informed her that her CVT replacement would be covered by Nissan.  Kiefer Nissan proceeded to install a

"remanufactured" transmission with an unknown number of miles on it in Ms. Williams' vehicle free of charge. When Ms. Williams asked her service representative why she was not receiving a new transmission, he responded that Nissan does not have new transmissions just laying around. On information and belief, Ms. Williams' remanufactured transmission suffers from the same CVT Defect as her original transmission. As described in further detail herein, further repair attempts would have been futile given Defendants' steadfast refusal to acknowledge the true nature and extent of the CVT Defect and provide an adequate remedy

20.     At all times, Ms. Williams drove her vehicle in a foreseeable manner and in the manner in which it was intended to be used.

**<u>Defendants</u>**

21.     Defendant Nissan of North America, Inc. is a California corporation with its principal place of business located at One Nissan Way, Franklin, Tennessee 37067 and doing business in Tennessee and throughout the United States.

22.     Founded in 1933 and headquartered in Yokohama, Japan, Defendant Nissan Motor Co., Ltd. ("NML") is a corporation organized under the laws of Japan. NML manufactures and distributes automobiles and related parts. It also provides financing services. NML delivers a comprehensive rage of products under various brands that are manufactured in Japan, the United States, Mexico, the United Kingdom, and other countries. NML is the parent and 100% owner of NNA.

23.     At all relevant times, NNA and NML were engaged in the business of designing, manufacturing, marketing, distributing, and selling automobiles, including but not limited to the Class Vehicles, and other motor vehicles and motor vehicle components, in Tennessee and throughout the United States.

24.     Whenever, in this Complaint, reference is made to any act, deed or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of their officers, directors, agents, employees, or representatives who was

actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

### III. <u>JURISDICTION</u>

25. This is a class action.

26. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interest and costs. This court also has federal question jurisdiction over this action under 28 U.S.C. §1331 because Plaintiffs' claims under the Magnuson-Moss Act arise under federal law. This Court has personal jurisdiction over Defendants because they conduct business in Tennessee, have sufficient minimum contacts with Tennessee, and/or otherwise intentionally avail themselves of the markets within Tennessee, through the promotion, sale, marketing and distribution of their vehicles in Tennessee, so as to render the exercise of jurisdiction by this Court proper and necessary.

### IV. <u>VENUE</u>

27. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within the Middle District of Tennessee, as the Class Vehicles were and are regularly advertised, marketed, sold/leased and serviced in this District through Defendants' network of dealers and NNA's headquarters is located in this District.

### V. <u>NISSAN'S KNOWLEDGE OF THE CVT DEFECT</u>

28. For years, Nissan has designed, manufactured, distributed, sold, and leased the Class Vehicles. Upon information and belief, it has sold, directly or indirectly through dealers and other retail outlets, many thousands of Class Vehicles in Tennessee and nationwide.

29. Plaintiffs and Class Members are intended third-party beneficiaries of contracts between Nissan and its dealerships; specifically, they are the intended beneficiaries of Nissan's warranties. The dealerships were not intended to be the ultimate consumers of the Class

Vehicles, and the warranty agreements were designed for and intended to benefit the ultimate consumers only

30.     The CVT Defect causes the Class Vehicles to unexpectedly malfunction by hesitating, stalling, jerking, juddering, lurching, shaking, shifting roughly and/or failing prematurely. The CVT Defect presents a safety hazard that renders the Class Vehicles unreasonably dangerous to consumers due to, *inter alia*, the impact of the Defect on driver's ability operate the Class Vehicle as expected.

31.     Plaintiffs are informed and believe, and based thereon allege, that, prior to placing the Class Vehicles in the stream of commerce, Nissan became aware of the CVT Defect through sources not available to Plaintiffs and Class Members, including, but not limited to, pre-production testing, pre-production design failure mode and analysis data, production design failure mode and analysis data, early consumer complaints made exclusively to Nissan's network of dealers and directly to Nissan, aggregate warranty data compiled from Nissan's network of dealers, testing conducted by Nissan in response to consumer complaints, and repair order and parts data received by Nissan from Nissan's network of dealers.

32.     Nissan's CVT has been plagued with the same or similar recurrent problems (i.e., hesitation, shaking, juddering, early failure, etc.) for over a decade.  In 2009 Nissan voluntarily doubled the powertrain warranty coverage of 5 years/60,000 miles to 10 years/120,000 miles for a large part of its fleet, including the 2003-2010 Murano; 2007-2010 Versa SL; 2007-2010 Sentra; 2007-2010  Altima; 2007-2010 Maxima; 2008-2010 Rogue; and 2009-2010 Cube.[2]  Nissan also reported that "in the unlikely event that your vehicle's transmission should need repair beyond the extended warranty period we are working to decrease the cost of repair."[3]

---

[2] Frequently Asked Questions, available at:
https://web.archive.org/web/20100323050249/http://www.nissanassist.com/faqs.php?menu=3.

[3] *See* Customer Satisfaction Program, CVT Program Details available at
https://web.archive.org/web/20100124032242/http://www.nissanassist.com/ProgramDetails.php?menu=2 (last visited Jan. 22, 2021).

33.     Nissan continued to experience such trouble with its CVTs that in December 2013 Nissan's then-CEO, Carlos Ghosn, announced that Nissan would increase its oversight of CVT supplier JATCO Ltd.[4]  Nissan further explained that it was necessary to increase its oversight of JATCO because continued customer service issues had begun to cut into Nissan's profits.[5] However, Nissan's vehicles continued to be plagued with CVT issues thereafter.

34.     Technical Service Bulletins ("TSBs") issued by Nissan to its dealers, and other remedial actions it has taken concerning the Class Vehicles and other vehicles with the same or substantially similar CVT, evidence Nissan's knowledge of the CVT Defect.

35.     On information and belief, the six-cylinder 2013-2016 Nissan Altima and 2013-2014 Nissan Pathfinder have the same or substantially similar transmission as the Nissan Pathfinder 2015-present (which only come in six-cylinder).  Nissan recently extended the 2013-2016 Altima Powertrain Warranty from five years/60,000 miles to seven years/84,000 miles and offered to reimburse those who paid for transmission-related repairs during the extended warranty period in connection with a class action settlement.  *See Gann, et al. v. Nissan North America, Inc.*, Case No. 3:18-cv-00966 (M.D. Tenn.).  Nissan previously offered nearly identical relief to 2013-2014 Pathfinder owners.  *See Batista v. Nissan North America, Inc*., Case No. 1:14-cv-24728 (S.D. Fla).  It has offered no such relief to 2015-present Pathfinder owners and lessees.

36.     On or about September 10, 2013 Nissan issued NTB13-086 applicable to 2013-2014 Altima vehicles and 2013-2014 Pathfinder vehicles with six-cylinder engines concerning "Judder During Light Acceleration."  This TSB prescribed various fixes including reprogramming of the TCM, and replacement of the CVT.

---

[4] Nissan Presses Jatco to end CVT glitches, Automotive News https://www.autonews.com/article/20131202/OEM10/312029972/nissan-presses-jatco-to-end-cvt-glitches (Dec. 2, 2013).

[5] *Id.*

37. On August 25, 2016, Nissan issued NTB16-085 applicable to 2015-2016 Pathfinder vehicles and 2015-2016 Altima vehicles with six-cylinder engines, among other vehicles. This TSB prescribed a "new diagnostic logic … to enhance the diagnostic process by storing diagnostic trouble codes (DTCs)" on vehicles that exhibit "a transmission judder (shake, shudder, single or multiple bumps or vibration)."

38. Less than a year later, on April 27, 2017, Nissan issued NTB15-015h applicable to 2015-2017 Pathfinder and 2013-2017 Altima vehicles with six-cylinder engines, among other vehicles. This TSB directed service technicians to replace either the valve body or the CVT assembly when a "customer reports a transmission judder (shake, shudder, single or multiple bumps or vibration)."

39. On October 8, 2019, Nissan issued NTB17-039g applicable to 2013-2017 Pathfinder and 2013-2017 Altima vehicles with six-cylinder engines, among other vehicles. Like the previous TSBs, this TSB instructed service technicians to replace various components of the vehicles' transmissions or reprogram the TCM software when a "customer reports a transmission judder (shake, shudder, single or multiple bumps or vibration)."

40. A little less than a year later, on September 30, 2020, Nissan issued NTB17-039k applicable again when a "customer reports a transmission judder (shake, shudder, single or multiple bumps or vibration)." This TSB expanded the vehicles covered to include 2013-2019 Pathfinder and 2013-2018 Altima vehicles with six-cylinder engines, among other vehicles. Like previous TSBs, this TSB instructed service technicians to replace various components of the vehicles' transmissions or reprogram the TCM software.

41. Nissan had and has a duty to fully disclose the true nature of the CVT Defect and the associated repair costs to Class Vehicle owners, among other reasons, because the Defect poses an unreasonable safety hazard; because Nissan had and has exclusive knowledge or access to material facts about the Class Vehicles' CVTs that were and are not known to or reasonably discoverable by Plaintiffs and the other Class Members; and because Nissan has and has actively concealed the CVT Defect from its customers. Further, because the none of the above TSBs

were issued as part of a formal recall, they were much more likely to be overlooked by dealers, and unknown to consumers.[6]

## VI.    EXAMPLE CONSUMER COMPLAINTS

42.    Hundreds, if not thousands, of purchasers and lessees of the Class Vehicles have experienced the CVT Defect.

43.    Nissan monitors customers' complaints made to the NHTSA. Federal law requires automakers like Nissan to be in close contact with NHTSA regarding potential auto defects, including imposing a legal requirement (backed by criminal penalties) compelling the confidential disclosure of defects and related data by automakers to NHTSA, including field reports, customer complaints, and warranty data. See TREAD Act, Pub. L. No. 106-414, 114 Stat.1800 (2000).

44.    Automakers have a legal obligation to identify and report emerging safety-related defects to NHTSA under the Early Warning Report requirements. *Id.* Similarly, automakers monitor NHTSA databases for consumer complaints regarding their automobiles as part of their ongoing obligation to identify potential defects in their vehicles, including safety-related defects. *Id.* Thus, Nissan knew or should have known of the many complaints about the CVT Defect logged by the NHTSA Office of Defect Investigation (ODI), and the content, consistency, and large number of those complaints alerted, or should have alerted, Nissan to the CVT Defect.

45.    The following provides example complaints filed by consumers with the NHTSA and other websites which continue to accrue and demonstrate that the CVT Defect is a widespread, dangerous, and unresolved problem:

- **NHTSA Id. No. 11366849 Date October 27, 2020:** GOOD DAY. SINCE THE 1ST DAY OF PURCHASING THIS VEHICLE I WAS EXPERIENCING ISSUES WITH TRANSMISSION LIKE HESITATION, JERKING / SHUDDERING / SHAKING AND ABNORMAL WHINING NOISE WHILE DRIVING AT LOW SPEEDS. I WAS NOT AWARE ABOUT NISSAN'S MAJOR CVT ISSUES UNTIL

---

[6] When a vehicle identification number is entered into a dealer computer, the dealer is automatically instructed to perform applicable recalls. Dealers generally search for other TSBs based on customer complaints, which requires them to often sift through multiple TSBs and attempt to interpret which, if any, are applicable.

RECENTLY. VEHICLE'S BRAKING IS AFFECTED BECAUSE OF THIS ABNORMAL TRANSMISSION'S OPERATION AS THE VEHICLE DOES NOT IMMEDIATELY STOP AS NEEDED OR REQUESTED INSTEAD OFTEN SLIPPING OCCURS WHEN DOWNSHIFTING TO LOWER GEARS. NISSAN SERVICE CENTER WAS VISITED ONCE ABOUT A YEAR AGO OR LESS. I WAS TOLD THAT THE SOFTWARE FOR TRANSMISSION WAS SOMEHOW MISSING ON THE VEHICLE, WITHOUT EXPLAINING HOW CAN A VEHICLE BE MANUFACTURED WITHOUT TRANSMISSION SOFTWARE. AFTER INSTALLING THE SOFTWARE, THE DEALERSHIP WAS UNABLE TO PIN POINT WHAT IS THE PROBLEM WITH MY VEHICLE. I WAS CHARGED ABOUT $140 WITHOUT BEING PROVIDED A CLEAR DIAGNOSE, BUT WAS TOLD THAT MOST LIKELY THE CAR NEEDS A NEW TRANSMISSION. CONTROL VALVE BODY WAS REPLACED SINCE THEN, HOWEVER VEHICLE DRIVES THE SAME EXACT WAY. PLEASE, ADVISE HOW CAN GET ASSISTANCE FROM.

- **NHTSA Id. No. 11364341 Date October 12, 2020:** MY CAR HAS LESS THAN 28000 MILES AND I HAD TO HAVE A NEW TRANSMISSION.

- **NHTSA Id. No. 11323835 Date April 1, 2020:** VEHICLE WILL NOT ACCELERATE WHEN STOPPED AT LIGHT, STOP SIGN, SWITCHING FROM REVERSE TO DRIVE INTERMITTENTLY. THIS HAPPENS WHEN IT WANTS TO. THE BRAKE LIGHT SWITCH WAS REPLACED A COUPLE WEEKS AGO WHEN THE BRAKE LIGHTS WERE NOTICED TO NOT SHUT OFF AND VEHICLE WOULD TURN ON WITHOUT PRESSING THE BRAKE PEDAL. SEEMED TO FIX THE SITUATION BUT NOW AGAIN HAVING THE SAME ISSUES. BRINGING CAR BACK TO NISSAN DEALER FOR REPAIR. FOUND THAT YEARS PRIOR THERE WAS A SAFETY RECALL BUT NOT FOR THE 2015. THIS IS VERY DANGEROUS ESPECIALLY WHEN PULLING OUT IN FRONT OF TRAFFIC. CAR WILL NOT ACCELERATE UNTIL BRAKE PEDAL IS PRESSED OR LETTING OFF THE GAS PEDAL, THEN REENGAGING. THIS IS IN CITY OR STOPPED THEN ACCELERATING TO RAMP TO GET ONTO THE HIGHWAY. BRAKE LIGHTS STAY ON WHICH IS ALSO HAZARDOUS WHEN OTHERS WOULDN'T KNOW WHEN I'M ACTUALLY STOPPING. THE ACCELERATION ISSUE SEEMS TO HAPPEN WHEN STOPPED THEN ACCELERATING. THE BRAKE LIGHTS SEEM TO STAY ON WHEN THEY WANT TO STICK. THE BRAKE LIGHT IS HARD TO TURN OFF. PRESSING THE BRAKE PEDAL WHEN CAR IS OFF A FEW TIMES HELPED AFTER 3 TRIES. HARD TO KNOW IF BRAKE LIGHTS ARE ON CONSTANTLY IN THE DAY BUT WHEN IT'S DARKER OUT ABLE TO NOTICE MORE. *TR

- **NHTSA Id. No. 11323632 Date April 30, 2020:** AFTER USING BRAKES EITHER AT A STOP LIGHT OR WHILE DRIVING, WHEN I REAPPLY THE GAS PEDAL NOTHING HAPPENS. THE RPMS STAY AT IDLE AND THE VEHICLE BARELY MOVES. PROBLEM INTERMITTENT AND UNPREDICTABLE. IT APPEARS THAT THE BRAKE LIGHTS STAY ON WHEN THIS IS HAPPENING. I HAVE EVEN PARKED THE CAR AND TURNED OFF THE VEHICLE AND THE

BRAKE LIGHTS STAY ON. HAS HAPPENED WHEN TRYING TO ACCELERATE ONTO A HIGHWAY. VERY DANGEROUS! I HAVE ALMOST BEEN REAR ENDED AT TRAFFIC LIGHTS. *TR

- **NHTSA Id. No. 11310671 Date February 8, 2020:** THE VEHICLE SHAKES, JERKS AND SHUDDERS DURING ACCELERATION AT LOW SPEEDS I.E. 20-40 MPH. IT FEELS LIKE IT STALLS AND THEN GOES AGAIN. THIS HAPPENED IN TRAFFIC ON THE FREEWAY AND ON THE FREEWAY ON RAMP, IN A ROUNDABOUT AND JUST TURNING OR GOING THROUGH A LIGHT. AFTER SOME RESEARCH IT APPEARS IT IS THE CVT TRANSMISSION. THE VEHICLE ALSO HAS A VERY LOUD AC BLOWER INSIDE. IT SOUNDS LIKE A JET ENGINE WHEN THE FAN IS TURNED HIGHER.

- **NHTSA Id. No. 11299545 Date January 13, 2020:** THIS VEHICLE JERKS AND STUTTERS AT LOW SPEEDS, LIKE THE TRANSMISSION DOESN'T KNOW WHAT TO DO AND ALSO DOESN'T ALWAYS SHIFT INTO THE GEAR IT SHOULD BE IN. I CAN ALSO FEEL THAT THE CAR SEEMS FAINTLY JITTERY AT HIGHWAY SPEEDS, EVEN ON NEW PAVEMENT. I HAVE RESEARCHED THIS AND THE 2015 PATHFINDERS HAVE A CVT TRANSMISSION LIKE THE 2013-2014 MODELS THAT WERE, APPARENTLY, RECALLED THERE ARE MANY COMPLAINTS AND CONCERNS FOR THIS MODEL YEAR AS WELL, I WONDER WHY NO ACTION HAS BEEN TAKEN TO RESOLVE THIS CONSISTENT DEFECT.

- **NHTSA Id. No. 11287090 Date June 1, 2019:** TL* THE CONTACT OWNS A 2015 NISSAN PATHFINDER. WHILE DRIVING, THE VEHICLE JERKED AND LOST POWER. BOMMARITO NISSAN HAZELWOOD (661 DUNN RD, HAZELWOOD, MO 63042, (314) 731-2228) DIAGNOSED THAT THE ENTIRE TRANSMISSION NEEDED TO BE REPLACED, WHICH WOULD COST OVER $5,000. THE MANUFACTURER WAS CONTACTED AND OFFERED A PARTIAL REPAIR TO REPLACE THE VALVE BODY AND A PARTIAL REPLACEMENT OF THE TRANSMISSION FOR ONLY $500. THE REPAIRS WERE COMPLETED IN JUNE OF 2019. THE FAILURES RECURRED. THE VEHICLE WAS TAKEN BACK TO THE SAME DEALER, BUT THEY FOUND NO FAILURE. THE VEHICLE WAS NOT REPAIRED. THE FAILURE MILEAGE WAS 101,000. *DT

- **NHTSA Id. No. 11282658 Date November 13, 2019:** TL* THE CONTACT OWNS A 2015 NISSAN PATHFINDER. WHILE DRIVING 30 MPH, THE CONTACT DEPRESSED THE ACCELERATOR PEDAL, BUT THE VEHICLE FAILED TO ACCELERATE. THERE WERE NO WARNING INDICATORS ILLUMINATED. THE CONTACT ACTIVATED THE HAZARD WARNING LIGHTS AND CONTINUED DRIVING. THE VEHICLE WAS TAKEN TO AN INDEPENDENT MECHANIC AND WAS INFORMED THAT THE STOP LAMP SWITCH NEEDED TO BE REPAIRED. THE VEHICLE WAS TAKEN TO PASSPORT NISSAN OF ALEXANDRIA (LOCATED AT 150 S PICKETT ST, ALEXANDRIA, VA 22304, (703) 823-9000), BUT WAS NOT DIAGNOSED OR REPAIRED. THE

MANUFACTURER WAS NOTIFIED OF THE FAILURE. THE FAILURE MILEAGE WAS 68,000.

- **NHTSA Id. No. 11257633 Date November 5, 2018:** MY 2015 NISSAN PATHFINDER WAS PURCHASED IN NOV. 2018. IT'S BEEN IN THE NISSAN SHOP NUMEROUS TIMES SINCE NOV. WE HAVE ISSUES WITH THE TRANSMISSION STUDDERING/DELAYED ACCELERATION. IT CANT BE REPRODUCED ON DEMAND SO IT'S HARD TO DIAGNOSE. YOU HAVE TO LET OFF THE GAS BEFORE IT WILL GO PROPERLY. ALSO, THE COOLING FAN ASSEMBLY HAS BEEN REPLACED TWICE WITHIN 1 MONTH WITH NEW PARTS . THIS 3RD TIME ONE OF THE FANS WILL NOT CONTINUE TO BLOW.
I'VE READ ONLINE THAT THESE 2 ISSUES ARE VERY COMMON WITH THIS VEHICLE. DISAPPOINTED DOESN'T EVEN DESCRIBE WHAT I FEEL ABOUT THIS VEHICLE AND HAVING A DEALERSHIP LIKE GRAY DANIELS FORD IN MS TREAT US THE WAY THEY HAVE DOES NOT HELP WITH THE ISSUES.

- **NHTSA Id. No. 11255416 Date May 8, 2019:** I HAD MY TRANSMISSION FLUSHED AT APPROX. 52K MILES ON 2/23/2019. IN APRIL 2019, THE TRANSMISSION BEGIN HAVING ISSUES. RPMS WOULD RIDE HIGH; HOWEVER, TRANSMISSION WOULD NOT UP-SHIFT. OCCURRED DESPITE ACCELERATOR PRESSED TO THE FLOOR. WHEN RELEASING THE ACCELERATOR AND PRESSING AGAIN, THE TRANSMISSION WOULD JERK AND BEGIN TO UP-SHIFT. ISSUE IS INTERMITTENT. CAN OCCUR WHEN TAKING OFF AFTER STOPPING AT AN INTERSECTION, AND SUDDENLY WHEN SMOOTHLY ACCELERATING UPON ENTERING FREEWAYS. HAVING SAFETY CONCERNS, I TOOK THE VEHICLE TO NISSAN AND EXPLAINED THE ISSUE AS NOTED ABOVE ON 5/8/2019. DESPITE TELLING JOSH KERN THE ISSUE WAS THE TRANSMISSION, I LATER DISCOVERED HE RECORDED THE ISSUE AS "... THE THROTTLE WASN'T RESPONSIVE." HE CALLED SAYING THE CAR WAS DRIVEN 60 MILES AND THE ISSUE WAS RESOLVED BY PERFORMING A "IDLE RELEARN" AND "SELF LEARN" SOFTWARE UPDATE. BECAUSE OF THIS, THE VEHICLE NOW IDLED VERY HIGH. AFTER DRIVING IT A FEW DAYS, THE ISSUE OCCURRED AGAIN. REVIEWING THE SERVICE DOC, I REALIZED THE VEHICLE WAS ONLY DRIVEN 1 MILE AND NOT THE 60 MILES. IT ALSO HAD NOTES FROM THE TECHNICIAN THAT "ISSUE COULD NOT BE DUPLICATED." I RETURNED TO NISSAN TO SPEAK TO THE SERVICE MANAGER, BUT HE WAS NOT AVAILABLE. WHILE THERE, I REQUESTED ALL HARD-COPIES OF WORK PERFORMED. ON ONE PAGE WAS WRITTEN NOTES ABOUT ERASING CODES, MENTION OF THE TRANS., ENGINE & IACV-AAC, ECM ON FADED PRINT-OUT OF CODES. MADE OTHER ATTEMPTS TO CONTACT MANAGER WITH NO SUCCESS. IN AUG.2019, THE DEALERSHIP GM PUT ME IN CONTACT W STEVE ZANI (ASST. SERV. MGR.) HE WAS VERY HELPFUL, BUT WAS UNABLE TO DUPLICATE ISSUE. HIGH IDLE FROM UPDATE SEEMS TO BE MASKING ISSUE FREQUENCY. CALLED NISS CON AFFAIRS-

CASE36982668. RENEE' WAS NO HELP. REFUSED TO UPDATE CASE OR CALL DEALERSHIP. HAD MY NAME WRONG, ELUSIVE AND SHORT ON PHONE. WORRIED ISSUE NOT GIVEN PROPER CREDENCE; DESPITE DEFECT AND SAFETY CONCERNS.

- **NHTSA Id. No. 11254715 Date August 14, 2019:** WHEN ACCELERATING AND MAINTAINS NORMAL COMMUTER SPEEDS 34-70MPH THE TRANSMISSION IS LOUD AND IN INSTANCES JERKS AS IF IT IS NOT CATCHING THE NEXT GEAR. MY CAR IS 4YRS OLD WITH 77K MILES AND THERE SHOULDN'T BE A NEED FOR A NEW TRANSMISSION, WHICH LOCAL NISSAN DEALER SAYS I NEED. REVIEW HAVE SHOWN THIS IN THE PAST SO I WANT TO MAKE AWARE THAT THE PROBLEM IS NOT FIXED.

- **NHTSA Id. No. 11246407 Date August 26, 2019:** I HAVE A 2015 NISSAN PATHFINDER STARTING AT 64000 MILES I HAVE TAKEN THE CAR IN SEVERAL TIMES DUE TO THE HEATING AND COOLING SYSTEM. LATELY I HAVE BEEN HAVING PROBLEMS WHEN I PRESS ON THE ACCELERATOR THE CAR DOESN'T WANT TO GO. IN ADDITION, IT SEEMS TO HYDROPLANE AND JERK IF THE ROAD IS WET AND YOU GO OVER 40 MILES PER HOUR. THIS IS SO VERY DANGEROUS!! IS THIS BEING ADDRESSED BY NISSAN? I NEED SOMEONE TO CONTACT ME FOR A FIX.

- **NHTSA Id. No. 11240470 Date July 29, 2019:** HAVE HAD VEHICLE IN THREE TIMES FOR SHUDDERING AND JERKING, NOW THAT IT'S OUT OF WARRANTY THEY SAY IT'S THE REAR END. IT WAS SAME COMPLAINT 1ST AND 2ND TIME, BUT NOW WANT ME TO PAY OUT OF POCKET THAT IS OBVIOUS BY THIS WEBSITE IS A MAJOR PROBLEM WITH 2015 PATHFINDERS. I AM ON PHONE CALLING CORPORATE. THIS IS OBSCURE CAR IS ONLY 4 YEARS OLD.

- **NHTSA Id. No. 11222931 Date June 25, 2019:** PATHFINDER RECAL.
CAR "SHUTTERS" AND "STUTTERS" WHEN TRANSITIONING IN BETWEEN GEARS. ADDITIONALLY, WHILE IN DRIVE, ENTERING A FREEWAY ON RAMP, MOVING AT APPROXIMATELY 30 MPH, THE CAR WOULDN'T ACCELERATE, IT WAS AS IF IT WAS IN NEUTRAL. THE CAR HAS 69,000 MILES ON IT, AND FOR THE PAST YEAR, AT APPROXIMATELY 53,000 MILES, IT'S BEEN "STUTTERING AND SHUTTERING" WHILE TRANSITIONING IN BETWEEN GEARS.

- **NHTSA Id. No. 11206334 Date May 5, 2019:** VEHICLE WILL NOT ACCELERATE (NO THROTTLE RESPONSE) RANDOMLY AND WITHOUT WARNING. RPMS DO NOT BUDGE DESPITE PEDAL BEING TO THE FLOOR. PROBLEM SEEMS TO BE MORE COMMON WHEN THE STEERING WHEEL IS TURNED. SHIFTING VEHICLE I TO NEUTRAL BRIEFLY AND THEN BACK TO DRIVE SEEMS TO RESOLVE PROBLEM, BUT THIS ISN'T AT ALL SAFE TURNING INTO IN AN INTERSECTION WITH CARS COMING. SEEMS KIND OF RIDICULOUS THIS ISN'T A BIG DEAL TO AN OEM.

- **NHTSA Id. No. 11193263 Date April 1, 2019:** IN THE LAST SEVERAL WEEKS, I AM EXPERIENCING LOSS OF ACCELERATION FOR MY NISSAN PATHFINDER 2015 (33,000 MILES). FOR SOME REASONS, THERE IS NO ACCELERATION NOR RPM INCREASED WHEN I FLOORED THE GAS PEDAL FOR SEVERAL SECONDS AFTER RELEASING THE GAS PEDAL (COASTING) DUE TO TRAFFIC STOPS OR WANT TO MAKE A TURN OR AFTER FULL STOP. THE CAR WAS COASTING AROUND 20 MPH AND DIDN'T ACCELERATE.

- **NHTSA Id. No. 11185986 Date March 11, 2019:** BREAK LIGHTS WILL STAY ON EVEN IF THE CAR IS PARKED. IT WILL STAY ON WHILE DRIVING. WHEN THIS HAPPENS I HAVE TO DISCONNECT THE BATTERY FOR THE BREAK LIGHTS TO GO OFF. REDICULOUS! THE OTHER ISSUE IS LOSS OF POWER. USUALLY WHEN THIS HAPPENS THE SKID DUMMY LIGHT WILL TURN ON AND STAY ON. WHEN ACCELERATING FROM A COMPLETE STOP, THE CAR WILL NOT GO WHEN I PUSH THE GAS. EVEN IF THE ACCELERATOR IS FULLY DEPRESSED THE CAR WILL NOT MOVE. THIS ALSO OCCURS WHILE IN MOTION. IT HAS HAPPENED WHILE TRYING TO ACCELERATE ONTO THE HIGHWAY AND THERE WAS LOSS OF POWER. I HAVE ALMOST GOTTEN INTO SEVERAL ACCIDENTS WITH MY CHILDREN IN THE CAR AND FROM MY RESEARCH I AM NOT THE ONLY OWNER OF PATHFINDER THAT THIS HAS HAPPENED TO. THIS IS A TOTAL SAFETY ISSUE AND THE VEHICLE NEEDS TO BE RECALLED BEFORE SOME ONE IS SERIOUSLY INJURED OR KILLED!!!

- **NHTSA Id. No. 11173825 Date January 19, 2019:** ON OR ABOUT JANUARY 19, 2019 WHILE ATTEMPTING TO MAKE A LEFT HAND TURN AT THE INTERCEPTION OF ROSCOE AND WOODMAN AVE. IN PANORAMA CITY, CALIFORNIA AND WHEREAS WITH NO WARNING NOR ANY INDICATOR LIGHT CAME ON EITHER BEFORE OR AFTER THE VEHICLE STALLED WHEN I TRIED TO QUICKLY ACCELERATE BUT INSTEAD THE TRANSMISSION STALLED AND ENDED UP THRUSTING THE VEHICLE FORWARD ONLY TO LEAVE ME THE MIDDLE OF THE INTERCEPTION AND EXPOSED TO THE ONCOMING TRAFFIC AND OF WHICH IT CAME TO SCREECHING STOP AND LITERALLY COMING WITHIN INCHES OF POSSIBLY T-BONING OUR VEHICLE AND OR CAUSING A SERIOUS ACCIDENT.

- **NHTSA Id. No. 11130546 Date September 1, 2016:** WHEN DRIVING AND PUSHING THE GAS THE CAR WILL NOT GO, IT SEEMS IT GETS STUCK AND THE CAR JUST DOESNT MOVE, AFTER PUSHING THE GAS HARD A FEW TIMES AND SITTING IN THE MIDDLE OF TRAFFIC THE CAR THEN GOES. THIS HAS HAPPENED SO MANY TIMES. HAVE TAKEN IT TO THE NISSAN DEALER AND THEY SAY THEY FIXED IT BY REPLACING A PART. AFTER MAYBE 1000 MILES LATER IT STARTS DOING IT AGAIN. TAKE IT BACK TO DEALER AND THEY SAY NOTHING IS WRONG THEY CHECKED THE

COMPUTER AND THIS WAS AT 59K WHICH HAD ME MAD AS THE WARRANTY WOULD BE EXPIRING SOON AND THE DEALER SAYS TO BAD WE WILL BE AT FAULT IF IT HAPPENS AGAIN SINCE OUT OF WARRANTY. THIS HAPPENS ON A STREET. AND IS VERY SCARY WHEN PULLING OUT IN FRONT OF CARS AND THEN THE CAR WONT GO.

- **NHTSA Id. No. 11096913 Date January 4, 2016:** SINCE THE PURCHASE OF THE VEHICLE, MY NISSAN PATHFINDER HAS FAILED TO ACCELERATE EITHER AT A STOP OR DURING NORMAL SPEED. THE ENGINE WOULD NOT STALL, BUT WOULD ONLY ACCELERATE ALMOST AT IDLE SPEED. THE SYMPTOM OF THE PROBLEM WOULD OCCUR A COUPLE OF TIME THEN THE SLIP INDICATOR LIGHT WOULD DISPLAY AND STAY ON UNTIL THE CAR WAS SHUT DOWN AND RESTARTED, I HAVE SEVERAL PICTURES DEMONSTRATING THE ISSUE AS DESCRIBED FOR WHEN THE INDICATOR SLIP LIGHT FOR THE LIMITED SLIP CONTROL WOULD DISPLAY IN CLEAR CONDITIONS. THIS WOULD OCCUR IN IDEAL WEATHER CONDITIONS AND ROAD CONDITIONS WERE CLEAR AND MY FOOT WAS DEFINITELY NOT ENGAGING THE BRAKE PEDAL. THIS PRESENTS A SIGNIFICANT SAFETY ISSUE, ESPECIALLY WHEN ATTEMPTING TO PULL INTO ONCOMING TRAFFIC OR ATTEMPTING TO PASS A SLOWER VEHICLE. I COULD DEPRESS THE GAS PEDAL TO THE FLOOR WITH NO IMPACT ON ACCELERATION. I HAVE HAD SEVERAL NEAR MISSES WITH ONCOMING TRAFFIC DUE TO FAILURE TO ACCELERATE. I TOOK IN THE VEHICLE INTO D-PATRICK NISSAN IN EVANSVILLE, INDIANA SEVERAL TIMES AND TO ANDY MOHR NISSAN, INDIANAPOLIS INDIANA. IN BOTH CASES, THE DEALERSHIP WAS UNABLE TO DETECT ANY ISSUES WITH CODE ERRORS OR REPLICATE THE ISSUE EVEN AFTER I PROVIDE PHOTO EVIDENCE OF THE ISSUE I WAS HAVING. THE FAILURE TO ACCELERATE IS SO RANDOM AND CAN HAPPEN SEVERAL DAYS IN ONE WEEK OR AT LEAST ONCE A WEEK. WHEN IT DOES HAPPEN I KNOW IT WILL NOT CHANGE UNTIL I CAN SHUT DOWN THE VEHICLE AND RESTART. SOME INSTANCES THE FAILURE TO ACCELERATE WOULD PERSIST BUT MOST OF THE TIME IS WOULD CORRECT ITSELF AFTER RESTARTING. I AM AFRAID TO DRIVE THE CAR WITH MY WIFE AND THREE CHILDREN IN IT. I FINALLY DECIDED TO FILE A COMPLAINT AFTER I FOUND ANOTHER NISSAN PATHFINDER OWNER WHO WAS HAVING THE EXACT SAME ISSUE WITH HIS NISSAN PATHFINDER.

- **NHTSA Id. No. 11071844 Date February 2, 2018:** 2015 NISSAN PATHFINDER SOMETIMES WILL NOT GO WHEN THE GAS PEDAL IS PRESSED FROM A STOPPED POSITION. 3 DIFFERENT TIMES THIS HAS HAPPENED TO ME AND MY WIFE. THIS IS AN EXTREMELY DANGEROUS SITUATION. IT HAPPENED THE LAST TIME AS WE WERE TRYING TO CROSS FOUR LANES OF TRAFFIC AT AN INTERSECTION.AS THE LIGHT TURNED GREEN AND WE TRIED TO GO IT ONLY IDLED ACROSS THE INTERSECTION WE GOT IT TO THE DEALERSHIP ASAP IT'S BEEN THERE A WEEK SO FAR. VEHICLE WAS MANUFACTURED IN AUG 2015. I PURCHASED IT USED BUT

CERTIFIED!

PLEASE INVESTIGATE TO SEE IF THE PROBLEMS THEY HAD WITH THE 2013-2014 MODELS ARE CONTINUING. I HAVE HEARD IT MIGHT BE THE TRANSMISSION? ALL MAINTENANCE HAS BEEN PERFORMED ACCORDING TO CARFAX, INCLUDING AT 9,774 AN ENGINE POWER TRAIN COMPUTER MODULE REPROGRAMMED. CERTIFICATION WAS DONE BY NISSAN ON 8/21/2018 AND PURCHASED BY US.ON 9/2/2017.

ANY HELP TO KEEP ME AND MY WIFE SAFE WILL BE APPRECIATED.

- **NHTSA Id. No. 11043198 Date October 27, 2017:** WHEN ACCELERATING FROM A STOP, AT LOW SPEEDS, THE VEHICLE STUTTERS/JUDDERS FOR A FEW SECONDS. IT HAS BEEN PROGRESSIVELY GETTING WORSE, EVEN STARTING TO SHOW UP AT MEDIUM SPEEDS, TO THE POINT WHERE WE THINK THE VEHICLE IS GOING TO STALL. IF YOU PUSH ON THE GAS IT EVENTUALLY GOES THROUGHT THE STUTTERING. SINCE NO CODES ARE INDICATING THEY WILL NOT LOOK AT THE ISSUE.

- **NHTSA Id. No. 11034739 Date October 2, 2017:** THE CAR MAKES A LOUD SHUDDERING NOISE AND OFTEN WILL NOT ACCELERATE.

- **NHTSA Id. No. 11022222 Date September 1, 2015:** EVERY TIME I TRY DRIVE FROM STOP CAR KEEEP JERKING FOR FEW MINUTES

- **NHTSA Id. No. 10970639 Date February 21, 2017:** WARNING LIGHT APPEARED - DEALER INDICATED NEEDED NEW TRANSMISSION UNDER WARRANTY HAS BEEN WITH DEALER FOR SEVEN WORKING DAYS AND THEY ARE HAVING DIFFICULTY REPAIRING THE ISSUE DEALER INDICATED OTHER PATHFINDERS HAVE SAME PROBLEM. LIGHT APPEARED WHEN I TURNED ON VEHICLE -

- **NHTSA Id. No. 10955750 Date February 18, 2017:** WHEN STARTING FROM STOP ( AT A STOP SIGN OR TRAFFIC LIGHT) THE VEHICLE PERIODICALLY WILL NOT ACCELERATE. THE VEHICLE HAS BEEN IN THE SHOP TWO TIMES NOW WITH NO CHANGE. THE FIRST TIME IT WAS IN THEY DID A SOFTWARE UPDATE AND THOUGHT THAT WOULD CORRECT IT, IT DID NOT. THE SECOND TIME THEY SAID IT WAS BECAUSE THE VEHICLE WAS IN 2WD AND IT WAS WET OUT. IT HAS HAPPENED AGAIN WITH THE VEHICLE IN AUTO AND THE GROUND BONE DRY. I CALLED NISSAN CONSUMER AFFAIRS AND STARTED A CASE. I WAS TOLD TO GET A SECOND OPINION. THE VEHICLE IS UNSAFE BECAUSE WHEN PULLING INTO A LANE OF TRAFFIC YOU MAY NOT MOVE FOR A FEW SECONDS ANS ON COMING TRAFFIC MAY NOT STOP.

- **NHTSA Id. No. 10937092 Date December 20, 2016:** POSSIBLY RELATED TO THE PAST YEAR MODELS NISSAN CVT ISSUES. 2015 PATHFINDER WITH LESS THAN 10K MILES UNDER 2 YEARS OLD TRANSMISSION FAILURE. MY WIFE WAS DRIVING ON THE HIGHWAY WITH MY 3 KIDS (4 YEAR, 2 YEAR,

AND 1 MONTH OLD) WHEN THE VEHICLE STOP ACCELERATING. SHE WAS LUCKY ENOUGH TO PULL OVER TO THE SHOULDER SAFETY. WHEN SHE TRIED TO RESTART THE VEHICLE, THE VEHICLE WOULD NOT MOVE WHEN IT WAS IN DRIVE MODE OR LOW GEAR. THE VEHICLE HOWEVER DID MOVE IN REVERSE. MY WHOLE FAMILY WAS STUCK ON THE SIDE OF A FAST MOVING HIGHWAY, WITHOUT ME, UNTIL I WAS ABLE TO LEAVE WORK, AN HOUR AWAY, TO GET TO THEIR LOCATION AND SAFETY GET ALL THE KIDS AND MY WIFE TO A SAFER LOCATION. TOWED THE VEHICLE TO THE DEALERSHIP WHERE WE BOUGHT THE CAR AND THEY SAID THAT THEY HAVE TO REPLACE THE TRANSMISSION. THE ISSUES MAY STEM FROM THE SAME ISSUE IN PREVIOUS MODEL PATHFINDERS AND OTHER VEHICLE MODELS WITH NISSAN'S CVT IN THEM. LESS THAN 10K MILES ON A BRAND NEW VEHICLE. UNDER 2 YEARS IN AGE AND THE TRANSMISSION FAILS. MAKES ME RETHINK IF I WANT TO KEEP THE VEHICLE KNOWING MY FAMILY WILL MAINLY BE DRIVING IN IT WITHOUT ME THERE. *TR

- **NHTSA Id. No. 10928332 Date May 2, 2016:** WHILE TAKING OFF FROM 0-20MPH THE CAR WILL HESITATE AND JERK. TOOK THE VEHICLE TO NISSAN SERVICE DEPT. BACK IN MAY 2016 AND THEY COULD NOT FIND NOTHING WRONG WITH CAR. NOW IT HAS BEEN HAPPENING MORE FREQUENTLY AND WE TOOK IT BACK ON 11/18/16 AND THE SERVICE DEPT. SAID THEY STILL CAN'T FIND NOTHING WRONG WITH VEHICLE BECAUSE THERE ARE NOT CHECK ENGINE CODE POPPING UP, SO THEY NEEDED PERMISSION TO HAVE A SERVICE TECH TAKE IT HOME TO SEE IF HE CAN SEE WHAT WE ARE EXPERIENCING AND WILL FOLLOW UP WITH US TOMORROW. I BELIEVE THIS PROBLEM STARTED BACK IN EARLY 2015 WHEN WE BOUGHT THE CAR, BUT IT WOULD ONLY HAPPEN SO RARELY THAT I NEVER THOUGHT ABOUT IT UNTIL MY WIFE WHO DRIVES IT EVERY DAY BROUGHT IT UP TO MY ATTENTION.

- **NHTSA Id. No. 10906937 Date August 15, 2015:** TL* THE CONTACT OWNS A 2015 NISSAN PATHFINDER. WHILE DRIVING APPROXIMATELY 40 MPH, THE VEHICLE JERKED AND SPUTTERED WITHOUT WARNING. THE FAILURE RECURRED NUMEROUS TIMES. THE VEHICLE WAS TAKEN TO THE DEALER, BUT WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT MADE AWARE OF THE FAILURE. THE APPROXIMATE FAILURE MILEAGE WAS 2,015.

- **NHTSA Id. No. 10865044 Date May 15, 2016:** WHILE DRIVING OUR PATHFINDER IN STOP AND GO TRAFFIC, I'VE STARTED TO NOTICE AND FEEL A JUDDERING & JERKING MOTION COMING FROM THE TRANSMISSION/POWERTRAIN EVERY TIME I DEPRESS OR PRESS ON THE GAS PEDAL AT BETWEEN SPEEDS OF 15 TO 40 MPH. I PLAN TO REPORT THIS TO NISSAN ALONG WITH A COUPLE MORE ISSUES LIKE THE CRACKLING SOUND COMING FROM THE FRONT SUSPENSION USUALLY AFTER REVERSING BACK OUT OF A DRIVEWAY THEN MOVING

FORWARD WHILE SLIGHTLY TURNING THE WHEEL BACK TO A STRAIGHT POSITION. COULD BE A BEARING ISSUE, RACKING PINION OR POSSIBLY THE BRAKE ISSUES THAT HAVE BEEN RECALLED. I WILL ALSO REPORT THE CONSTANT ANNOUNCE OF A CRACKLING SOUND COMING FROM THE WOOD PANELING AROUND STEREO AND AIR CONDITION CONTROLS. LAST BUT NOT LEAST THE SCARY & VISIBLE SHAKING OF THE FRONT HOOD WHILE DRIVING AT SPEEDS OF OVER 80MPH. THIS VIOLENTLY SHAKING FROM THE HOOD WILL CERTAINLY LET YOU KNOW THAT IF YOU GO ANY FASTER CHANCES ARE THE HOOD WILL FLY OFF OR CAUSE SERIOUS DAMAGE TO THE VEHICLE OR POSSIBLY CAUSE AN ACCIDENT. THERE IS NO DOUBT IN MY MIND THAT THIS IS ISSUE IS CLEARLY AN AERO DYNAMIC FLAW. HOW CAN THEY NOT HAVE BEEN AWARE OF THIS POSSIBLE SERIOUS SAFETY ISSUE ?

- **NHTSA Id. No. 10808069 Date October 1, 2015:** JUDDER IS FOUND BETWEEN 20-25 MILES FOR MORE THAN 5 SECOND WHEN ACCELERATING SMOOTHLY. THE MECHANIC RECORDED THE JUDDER AND SENT IT TO THE ENGINEER. THE ENGINEER AT CORPORATE NISSAN TOLD US THAT IT IS A NORMAL THING BUT ANY CAR SHOULDN'T HAVE A JUDDER(ESPECIALLY 2015 NEWEST MODEL). A JUDDER ALSO SHOWS IN THE HIGH SPEED, BUT NOT AS MUCH AS SLOW SLEEP. A JUDDER ALSO APPEARS WHEN THE CAR SLOWS DOWN TO A STOP. I HAVE TO WAIT UNTIL CHECK ENGINE LIGHT IT UP FOR THEM TO FIX THE ISSUE. IT DOES NOT MAKE SENSE WHEN THERE IS A RECORD OF JUDDER BUT WAIT UNTIL SOMETHING HAPPENS TO THE CAR.

- **NHTSA Id. No. 10790327 Date October 8, 2015:** VEHICLE WAS TAKEN INTO SHOP BECAUSE OF SHUDDER IN TRANSMISSION AND HESITATION FROM STOP WHEN APPLYING ACCELERATOR. THE NISSAN DEALER INSTALLED A NEW VALVE BODY IN THE TRANSMISSION WHICH SEEMED TO STOP THE SHUDDER UNTIL TODAY WHEN IT HAS RETURNED. THE HESITATION FROM STOP PROBLEM WAS NOT FIXED AND I RETURNED THE PATHFINDER A SECOND TIME TO FIX THIS PROBLEM BUT SINCE IT DID NOT THROW A CODE AND COULD NOT BE DUPLICATED IT WAS NOT FIXED. THE HESITATION PROBLEM IS AN ITERMITTENT PROBLEM BUT WHEN IT HAPPENS THE VEHICLE DOES NOT MOVE FORWARD WHEN THE GAS IS FIRST APPLIED FOR A SECOND OR TWO. I HAVE ALMOST HAD TWO ACCIDENT BECAUSE OF THIS PROBLEM WHEN PULLING INTO TRAFFIC AND THE CAR WILL NOT MOVE WHEN GAS APPLIED. THE SHUDDER PROBLEM AS RETURNED AND CAN BE FELT AT AROUND 40MPH.

- **NHTSA Id. No. 10789823 Date September 10, 2015:** CVT TRANSMISSION SHUDDERS AT LOW SPEED (20-40 MPH) WITH LIGHT THROTTLE APPLICATION. THIS PROBLEM HAS BEEN EXPERIENCED SINCE WE PURCHASED THE VEHICLE ON 9/10/2015

- **NHTSA Id. No. 10765148 Date September 1, 2015:** AFTER PURCHASING THE VEHICLE FROM AUTOMATION NISSAN DALLAS THE TRANSMISSION , CVT, FAILED AT 2300 MILES. THERE WAS NO HEAVY USE ON THE TRANSMISSION. WE HAVE NOT EVEN TOWED WITH IT. THIS IS UNACCEPTABLE AND THE DEALER REFUSES TO DO ANYTHING BEYOND FIX THIS LEMON.
PICKED UP VEHICLE, 9/17/15 AND ON THE MORNING OF 9/18/15 THE FUEL LIGHT CAME ON. WE DID NOT FUEL THE VEHICLE OR OPEN THE FUEL CAP 9/18/15 THE CHECK ENGINE LIGHT CAME ON AGAIN AND THE VEHICLE IS BACK AT THE DEALER.

- **NHTSA Id. No. 11289003 Date October 7, 2019:** THE VEHICLE STOPS ACCELERATING WHILE DRIVING. NO MATTER HOW MUCH YOU PRESS THE GAS IS DOESN'T GO. WE HAVE FOUND OUT THAT WE MUST PRESS THE BRAKE DOWN NEARLY ALL THE WAY AND THEN PRESS THE GAS. THIS IS DANGEROUS ESPECIALLY IN A BIG CITY. THERE IS NO PATTERN IT DOES IT WHILE GETTING ON/OFF EXITS AND WHILE DRIVING ON RESIDENTIAL ROADS AS WELL.

- **NHTSA Id. No. 11240367 Date July 1, 2019:** AT RANDOM, LITTLE TO NO ACCELERATION AT INITIAL TAKE OFF AND/OR WHILE DRIVING IN TRAFFIC ON A HIGHWAY OR STREET EVEN IF PRESSING GAS PEDAL TO FLOOR. VEHICLE WILL START WITHOUT PRESSING BRAKE. BRAKE LIGHT REMAINS ON AFTER CAR IS TURNED OFF. I'VE HAD CATALYTIC CONVERTER AND BRAKE WORK DONE TO CORRECT THE PROBLEM TO NO AVAIL. ALSO, I WANTED TO CHECK SPEED CONTROL AS A AFFECTED PART BUT IT WOULDN'T SELECT.

- **NHTSA Id. No. 11233193 Date March 1, 2019:** I'VE BEEN EXPERIENCING PROBLEMS WITH MY VEHICLE STALLING OUT. I TOOK IT TO NISSAN ON NUMEROUS OCCASIONS AND NO PROBLEM COULD'VE BEEN FOUND UNTIL THE LAST TIME. THEY INFORMED ME THAT THE BRAKES WOULD COME ON AUTOMATICALLY. THEY BELIEVE IT WAS A SENSOR PROBLEM, HOWEVER, THE PROBLEM STILL HAPPENS ALL THE TIME.

- **NHTSA Id. No. 11190871 Date March 18, 2019:** ENGINE RATTLING, TURNED OUT TO BE A FAULTY RADIATOR COOLING FAN. NEEDED TO REPLACE WHOLE FAN ASSEMBLY AFTER 50,000 MILES. INTERMITTENTLY BRAKE LIGHTS WILL STAY ON WHEN CAR IS PARKED, DRAINING THE BATTERY. PERHAPS A BRAKE RELAY SWITCH. ALSO INTERMITTENTLY, THE VEHICLE HAS SEVERE ISSUES ACCELERATING. IF GOING 40 MPH, AND ATTEMPT TO ACCELERATE, THERE IS LITTLE TO NO RESPONSE. FROM FULL STOP, THERE IS OCCASIONALLY NO RESPONSE AT ALL UNTIL RELEASING AND REAPPLYING THE GAS PEDAL. THIS IS INCREDIBLY DANGEROUS!

- **NHTSA Id. No. 11187002 Date March 14, 2019:** THREE TIMES THIS WEEK WE HAVE TRIED TO ACCELERATE OUR VEHICLE WITH NO RESPONSE. IN ADDITION, THREE TIMES THIS WEEK THE BRAKE LIGHTS HAVE STAYED ON AFTER SHUTTING THE VEHICLE OFF. THE BRAKE LIGHTS WILL STAY ON UNTIL YOU OPERATE THE VEHICLE AGAIN. THE ONE DAY WE DIDNT NOTICE FOR ABOUT 40 MINUTES. I HAVE READ THERE HAVE BEEN RECALLS FOR THE 2013 AND 2014 BRAKE RELAY SWITCH SO I'M THINKING THIS IS THE SAME ISSUE.

- **NHTSA ID No. 11376290 Date November 24, 2020:** I JUST PURCHASED A USED 2015 NISSAN PATHFINDER WITH 24,000 MILES THREE MONTHS AGO. IN THE LAST FEW WEEKS I HAVE BEEN EXPERIENCING PROBLEMS ACCELERATING AFTER COMING TO A COMPLETE STOP AND WHILE DRIVING AT NORMAL SPEEDS. I WOULD START TO ACCELERATE AFTER A COMPLETE STOP AND THE PATHFINDER WOULD ONLY MOVE AT A SLIGHTLY HIGHER THAN IDLE SPEED UNTIL I PUT MY FOOT ON THE BRAKE AND THEN ONCE AGAIN ON THE ACCELERATOR PEDAL. OTHER TIMES I WILL BE DRIVING AT A SPEED ABOVE 20 MILES PER HOUR AND THE PATHFINDER WILL NO LONGER ACCELERATE PAST THE CURRENT SPEED NO MATTER HOW HARD I PRESS THE ACCELERATOR UNTIL I TAP THE BRAKE AND THEN THE ACCELERATOR. I ALSO NOTICED THAT SOME TIMES WHEN ONE OF THESE EVENTS HAPPENS, THE SLIP LIGHT INDICATOR WILL COME ON AND STAY ON UNTIL THE PATHFINDER IS TURNED OFF AND BACK ON. THIS ISSUE CAN HAPPEN SEVERAL TIMES IN ONE DAY OR NOT AT ALL FOR SEVERAL DAYS. I WAS ALMOST T-BONED TODAY WHILE CROSSING A STREET WHEN I HAD NO POWER. THIS IS A HUGE SAFETY ISSUE. I TOOK IT TO THE DEALER WHERE I BOUGHT IT AND THEY FOUND NOTHING WRONG.

- **NHTSA Id. No. 11182202 Date February 1, 2019:** IN 2017 I STARTED EXPERIENCING PROBLEMS ACCELERATING AFTER COMING TO A COMPLETE STOP AND WHILE DRIVING AT NORMAL SPEEDS. I WOULD START TO ACCELERATE AFTER A COMPLETE STOP AND THE PATHFINDER WOULD ONLY MOVE AT A SLIGHTLY HIGHER THAN IDLE SPEED UNTIL I PUT MY FOOT ON THE BRAKE AND THEN ONCE AGAIN ON THE ACCELERATOR PEDAL. OTHER TIMES I WILL BE DRIVING AT A SPEED ABOVE 20 MILES PER HOUR AND THE PATHFINDER WILL NO LONGER ACCELERATE PAST THE CURRENT SPEED NO MATTER HOW HARD I PRESS THE ACCELERATOR UNTIL I TAP THE BRAKE AND THEN THE ACCELERATOR. EVERY TIME EITHER OF THESE EVENTS HAPPENS, THE SLIP LIGHT INDICATOR WILL COME ON AND STAY ON UNTIL THE PATHFINDER IS TURNED OFF AND BACK ON. THIS ISSUE CAN HAPPEN 10 TIMES IN ONE DAY OR NOT AT ALL FOR SEVERAL DAYS. IN 2017 I FOUND A LOT OF PATHFINDER OWNERS HAVING THE SAME PROBLEM ONLINE, SO I TOOK IT TO NISSAN D'PATRICK IN EVANSVILLE, IN. I EXPLAINED THE PROBLEM AND SPENT A COUPLE OF HOURS IN THE DEALERSHIP

AND THEY SAID THAT THEY ADJUSTED A FEW THINGS BUT COULD NOT FIND A PROBLEM. I WAS TOLD THAT THEY HAD NO KNOWLEDGE OF ANY PROBLEM ALONG THE LINES OF WHAT I WAS TELLING THEM. I WENT BACK TO D'PATRICK LETTING THEM KNOW THAT WHATEVER THEY ADJUSTED DID NOT WORK. I WAS TOLD THAT THERE IS NOTHING THEY CAN DO. THERE HAVE BEEN SEVERAL CLOSE CALLS WHEN TURNING INTO TRAFFIC AND THE PATHFINDER NOT ACCELERATING.I HAVE LEARNED TO BE PATIENT WHEN TURNING ON TO A BUSY STREET BECAUSE I NEVER KNOW WHEN THE PATHFINDER WILL NOT PERFORM THE SIMPLE DUTY OF ACCELERATING. THIS VEHICLE IS A HUGE SAFETY RISK TO MY FAMILY AND OTHER INNOCENT PEOPLE ON THE ROAD. I MET SOMEONE WITH THE SAME PROBLEM LOCALLY AND HE TOLD ME THAT HE FILED A COMPLAINT ON NISSAN AND HAD THE DEALERSHIP PULL UP ALL OF THE COMPLAINTS AND THEY ADMITTED THAT THEY KNEW ABOUT THE PROBLEM AND THAT THEY HAVE A WORK AROUND FOR THE ISSUE BY BYPASSING A HARNESS SYSTEM.

- **NHTSA Id. No. 11170502 Date January 17, 2019:** I PURCHASED A USED 2015 PATHFINDER. IT'S BEEN IN THE SHOP 4 TIMES IN 7 MONTHS. TRANSMISSION ISSUE, JERKING THE CAR...IN MIDDLE OF INTERSECTION..PART INSIDE THE TRANSMISSION. THE GEAR SHIFTER WENT OUT & NOW THE FAN. OF COURSE I'VE HAD TO FIGHT WITH NISSAN AFFAIRS AND THEY ARE ONLY WILLING TO PAY 60%! AFTER READING ALL THE COMPLAINTS THERE SHOULD BE A RECALL!

- **NHTSA Id. No. 11092097 Date March 1, 2018:** AT INTERMITTENT TIMES WHILE DRIVING THE VEHICLE WILL NOT ACCELERATE WHEN YOU PUSH ON THE GAS, THIS IS VERY DANGEROUS NOT ONLY TO ME BUT TO OTHER PEOPLE BECAUSE IT HAS ALMOST CAUSED ACCIDENTS . WHEN THIS OCCURS THE TRACTION CONTROL LIGHT WILL COME ON AND REMAIN LIT UNTIL THE CAR IS RESTARTED. ALSO THE BRAKE LIGHTS WILL STAY LIGHT . IT HAS BEEN TAKEN TO THE DEALERSHIP WHERE NO CODES COULD BE FOUND, ON 05/02/2018 IT WAS TAKEN BACK TO THE DEALERSHIP AFTER MANY CALLS TO NISSAN MOTORS ABOUT THIS PROBLEM THEY GAVE ME A REFERENCE CASE # OF 30341997 ALL THIS WAS GIVEN TO THE DEALERSHIP TO TRY TO FIND THE PROBLEM A SECOND TIME AFTER THEY WERE CONTACTED BY NISSAN AND MYSELF. AFTER 7 HOURS OF HAVING MY CAR FOR DIAGNOSTICS I WAS TOLD IT APPEARS TO BE A FACTORY DEFECT THAT NEEDS 3 PARTS ORDERED TO DO A WORK AROUND. TWO NEW WIRING HARNESSES AND A SWITCH THAT WILL ALLOW THEM TO BYPASS BRAKE SWITCH RELAY AND REROUTE TO BODY CONTROL MODULE , I WAS TOLD THIS WOULD COST AND ADDITIONAL $500 PLUS ON TOP OF THE $121.62 I ALREADY PAID FOR THE DIAGNOSTICS I DO NOT THINK A CONSUMER SHOULD HAVE TO PAY FOR A FACTORY DEFECT FIRSTLY, THEN HOW IS THIS WORK AROUND GOING TO AFFECT THE SAFETY OF MY VEHICLE FOR MYSELF AND

OTHERS? ALSO NISSAN MUST BE WELL AWARE OF THIS PROBLEM FOR THEM TO ALREADY HAVE MANUFACTURED THESE PARTS TO DO A WORK AROUND TO CORRECT IT. ARE THEY TRYING TO RISK PEOPLE LIVES TO SAVE A DOLLAR? SO IN SUMMERY I HAVE AN ACCELERATION PROBLEM THAT IS GOING TO GET SOMEONE KILLED TRACTION CONTROL ISSUE THAT I HAVE NO IDEA IF IT IS WORKING CORRECTLY OR NOT OR IF IT IS GOING TO BE DISABLED. BRAKE LIGHTS THAT STAY ON WHEN DRIVING WHEN THIS HAPPENS THAT OTHER DRIVERS CAN'T TELL IF I AM APPLYING THE BRAKES OR NOT. DON'T LIKE THE IDEA OF HAVING SUCH A NEW MODEL CAR HAVE A SAFETY ISSUE WORKAROUND DONE ON IT THAT IT WAS NOT DESIGNED FOR.

- **NHTSA Id. No. 11088859 Date April 17, 2018:** AFTER APPLYING BRAKES BEFORE MAKING A LEFT HAND TURN, PRESSING ON THE GAS PEDAL YIELDED NO RESULTS, NO ACCELERATION, NO RPM MOVEMENT, PUSHING THE GAS PEDAL ALL THE WAY TO THE FLOORBOARD YIELDED NO RESULTS. ONLY AFTER STEPPING OFF OF GAS PEDAL AND REAPPLYING THE BRAKES THEN PUSHING GAS PEDAL DID THE CAR RETURN TO NORMAL OPERATIONS. THIS HAS BEEN AN INTERMITTENT PROBLEM AND HAS ALMOST CAUSED SEVERAL ACCIDENTS. BELIEVE IT TO BE RELATED TO THE BRAKE RELAY WHICH IS WHY IT WILL NOT THROW A CODE.

- **NHTSA Id. No. 11046993 Date November 16, 2017:** LOSS OF ACCELERATION AFTER STOPPING. PUSHED THE GAS PEDAL TO THE FLOOR & NO RESPONSE, NO RPM CHANGE. PUMPED GAS PEDAL SEVERAL TIMES, FINALLY THE VEHICLE RESPONDED AFTER ALMOST BEING HIT. MY VEHICLE IS AN AUTOMATIC. THIS HAS HAPPENED SEVERAL TIMES & ALWAYS SEEMS TO BE AFTER BREAKING. I DO NOT HAVE MY FOOT ON THE BREAK BUT IT DOES SEEM TO RESPOND AFTER I SWITCH FROM BREAK TO GAS SEVERAL TIMES AS IF IT IS A FAULTY SWITCH.

- **NHTSA Id. No. 10924471 Date November 6, 2016:** WHILE DRIVING MY VEHICLE HOME FROM WORK IT STARTED JERKING AND THEN IT JUST STOPPED. AND IT WON'T START BACK UP

- **NHTSA Id. No. 10850927 Date March 18, 2016:** IT STARTED WITH THE DREADED HESITATING/JERKING THING I HAVE READ ABOUT NISSAN CVT TRANNYS. THE DEALERSHIP STATED IT WAS A VALVE INSIDE THE TRANSMISSION, AND NOT THE TRANNY ITSELF. HOW IS A VALVE INSIDE THE TRANSMISSION NOT BE A PART OF THE TRANSMISSION?!?! THEY NEEDED TO REPLACE IT AND IT WILL TAKE APPROXIMATELY 3 DAYS. THEY SAID IF IT MIGHT OR MIGHT NOT SOLVE THE PROBLEM. IF AFTER REPAIR, IT CONTINUES, THEY WILL HAVE TO REPLACE THE WHOLE TRANSMISSION. I THOUGHT NISSAN ALREADY FIXED THIS CVT TRANSMISSION ISSUE?

- **NHTSA Id. No. 11355424 Date August 30, 2020:** ON MULTIPLE OCCASIONS (AT LEAST 6 - TWICE WITHIN 10 MINUTES OF EACH OTHER), WHEN TURNING AFTER SLOWING DOWN OR BEING AT A COMPLETE STOP, THE CAR SEEMS TO LOSE POWER. IT WILL NOT ACCELERATE UNLESS YOUR FOOT IS TAKEN OFF THE GAS PEDAL AND THE GAS PEDAL IS PRESSED DOWN AGAIN. IT A A SAFETY CONCERN BECAUSE THERE HAS BEEN ONCOMING TRAFFIC WHEN THIS HAS HAPPENED. AN ACCIDENT IS BOUND TO OCCUR. THE CAR DEALER CAN'T ISOLATE THE ISSUE. THEIR RECOMMENDATION IS TO REPLACE THE ABS MODULE WHICH THEY THINK MIGHT FIX THE PROBLEM.. THE COST IS $2100 FOR THE PART ALONE TO REPAIR WHAT THEY HOPE WILL FIX IT. THIS SHOULD ABSOLUTELY BE A RECALL.

- **NHTSA Id. No. 11355134 Date March 20, 2020:** TO WHOM IT MAY CONCERN; I HOPE THAT THIS EMAIL DOESN'T FALL UNDER DEAF EARS AND SOMEONE CAN REACH OUT AND ASSIST ME WITH MY VEHICLE PROBLEM. THIS IS A SAFETY CONCERN AND NEEDS YOUR IMMEDIATE ATTENTION. I HAVE TAKEN THE VEHICLE TO MY LOCAL DEALERSHIP WHO HAS INFORMED ME THAT THIS IS A MANUFACTORY PROBLEM. I HAVE THREE LOVELY KIDS THAT DEPEND ON THEIR MOTHER TO DRIVE THEM AROUND. AS A LOYAL NISSAN OWNER, THE BRAND HISTORY AND QUALITY IS WHY I HAVE BEEN WITH YOU FOR YEARS AND THE REASON I INVESTED IN THE PURCHASE OF YOUR VEHICLE (BRAND NEW). MY ENTIRE FAMILY HAS ALWAYS BEEN NISSAN LOYAL CUSTOMERS FOR YEARS AND THIS HAS ERODED OUR CONCERNS IN THE QUALITY AND BRAND. MY FAMILY AND I HAVE NEVER EXPERIENCED THIS POOR QUALITY ON PREVIOUS VEHICLES THAT WE PURCHASED IN THE PAST SO THIS IS WHY I COME TO YOU NOW THAT THE DEALERSHIP IS UNABLE TO ASSIST US. I HOPE THIS LAST EFFORT TO REACH OUT TO YOU AND ADDRESS MY SAFETY CONCERNS. WE EXPECT THAT YOU ARE AS LOYAL TO YOUR CUSTOMERS AS YOUR CUSTOMERS ARE LOYAL TO YOU WHEN THERE IS AN ISSUE. MY VEHICLE SEEMS TO SHUDDERS (JERKS AND STUTTERS) DURING ACCELERATION OR DRIVING FOR NO APPARENT REASON. IT HAS HAPPENED SEVERAL TIMES AND WITHOUT WARNING AND FOR NO APPARENT REASON. MY LOCAL DEALERSHIP INSPECTED THE VEHICLE AND INFORMED ME THAT THIS IS A MANUFACTORY ISSUE/DEFECT AND I NEEDED TO CONTACT YOU. I ATTACHED A COPY OF THE DEALERSHIP INSPECTION. I REVIEWED THE US NHTSA WEBSITE AND NOTICED SEVERAL SIMILAR ISSUES RELATED TO MY MODEL FROM VARIOUS CUSTOMERS SEEM TO HAVE THIS PROBLEM. PLEASE REVIEW AND INFORMED ME WHAT COURSE OF ACTION I NEED TO PROCEED. WE WAIT FOR YOUR RESPONSE AND HOPE TO SEE THIS MATTER RESOLVED.

- **NHTSA Id. No. 11203799 Date April 25, 2019:** LOSS OF POWER WHILE IN MOTION FROM A 35 MPH ZONE AND WENT DOWN TO 20 MPH RELEASE

GAS PEDAL AND REGAINED POWER. I SEE THE SAME ISSUE REPORTED OTHER POSTS. PLEASE INVESTIGATE BEFORE THE LOSS OF LIFE.

- **NHTSA Id. No. 11192068 Date March 27, 2019:** I HAVE A 2015 NISSAN PATHFINDER. I HAD MY TRANSMISSION CHANGED UNDER WARRANTY AFTER TWO YEARS AND 8 MONTHS LATER I'VE STARTED TO HAVE ACCELERATION PROBLEMS AND THE BREAK LIGHTS STAY ON AFTER THE VEHICLE IS TURNED OFF. USUALLY AFTER A COMPLETE STOP OR YIELDING I CAN PUSH THE GAS PEDAL TO THE FLOOR AND NOTHING WILL HAPPEN FOR SEVERAL SECONDS. I ACTUALLY THOUGHT THE CAR TURNED OFF THE FIRST TIME IT HAPPENED. I TOOK IT TO THE DEALER AND THEY COULDN'T DUPLICATE THE ISSUE. ONE WEEK LATER THE SAME THING HAPPENED AGAIN. THIS TIME I CALLED NISSAN CORPORATION AND WAS PROVIDED A CASE NUMBER AND TOLD TO TAKE IT BACK TO THE DEALER. THE DEALER HAD THE CAR FOR 4 DAYS AND ONCE AGAIN STATED THEY COULDN'T FIND ANYTHING. TWO DAYS AFTER PICKING THE CAR UP, IT DID THE EXACT SAME THING. ONCE AGAIN I CALLED NISSAN CORPORATION AND LEFT THEM A MESSAGE. I CALLED THE DEALER AND WAS SURPRISED THAT THEY TOLD ME I COULDN'T BRING THE CAR IN, BECAUSE THEY CAN'T DUPLICATE THE PROBLEM. I SUBMIT THIS IS A SAFETY CONCERN THAT SHOULD FORCE NISSAN TO RECALL ALL VEHICLES AFFECTED WITH NO ACCELERATION.

- **NHTSA Id. No. 11180140 Date January 30, 2019:** WHEN TURNING THE VEHICLE STALLS. UNABLE TO ACCELERATE. BREAK LIGHT SWITCH RELAY.ALREADY A PREVIOUS RECALL.

- **NHTSA Id. No. 11176027 Date February 9, 2019:** WHEN TRYING TO ACCELERATE AFTER BRAKING FOR A TRAFFIC SIGNAL, OFTEN I CANNOT GET THE CAR TO ACCELERATE PAST 10 MPH. I SHIFT INTO NEUTRAL, BACK INTO DRIVE, AND CAN ACCELERATE PROPERLY. I HAVE TAKEN MY VEHICLE TO WOLFCHASE NISSAN IN BARTLETT, TN. THEY ARE UNABLE TO RELOCATE THE PROBLEM, THUS PREVENTING THEM FROM ADDRESSING THE ISSUE. THIS HAPPENS IF I'M STOPPED AT A TRAFFIC LIGHT, ALSO IF I AM MAKING A TURN IN EITHER DIRECTION. IT DOESN'T HAPPEN EVERY TIME, BUT OFTEN ENOUGH TO BE CONSIDERED DANGEROUS.

- **NHTSA Id. No. 11171698 Date December 22, 2018:** I PURCHASED MY NISSAN IN AUGUST OF 2018. IT ONLY HAD A LITTLE OVER 23K MILES. ON 12/22/2018 I TOOK MY VEHICLE TO BARON NISSAN WHERE I PURCHASED IT AND ADVISED THAT THE VEHICLE WOULD NOT ACCEL WHEN SPEED WAS BELOW 20 MILES PER HOUR. IF I ATTEMPTED TO SLOW DOWN AND THEN BEGIN TO ACCEL AGAIN THE VEHICLE WOULD NOT MOVE. IT JUST ROLLS AS I PRESS THE GAS PEDAL MANY TIMES. THEN ALL OF A SUDDEN THE VEHICLE WOULD BEGIN TO ACCEL. THE DEALER ADVISED THE STOP

LAMP SWITCH NEEDED TO BE REPLACED AND IT WAS COVERED UNDER WARRANTY. I LEFT WITH THE VEHICLE AND THEN TWO DAYS LATER I BEGAN TO HAVE THE SAME ISSUE AGAIN. IT IS RANDOM AND YOU NEVER CAN TELL WHEN IT'S GOING TO HAPPEN. THIS IS VERY DANGEROUS WHEN ATTEMPTING TO GET ON A HIGHWAY OR MAKING A LEFT TURN AND THE CAR DOESN'T ACCELERATE. CAR WENT BACK TO BARON NISSAN ON 12/29/2018. THE VEHICLE WAS CHECKED, DRIVEN PERSONALLY BY SERVICE MANAGER AND I WAS TOLD THEY COULD NOT FIND AN ERROR CODE STATING WHAT THE PROBLEM COULD BE. NOW I HAVE REVIEWED THIS SITE AND SEE 3 OTHER OWNERS ARE HAVING THE SAME PROBLEM. NOW I HAVE RECORDED MY CAR SLIP LIGHT BEING ON MORE THAN ON ONE OCCASION, MY BRAKE LIGHTS STAY ON EVEN WHEN THE VEHICLE IS OFF AND I BEGIN TO FEEL THE SAME PROBLEM WITH THE VEHICLE NOT ACCELERATING. IM TRYING TO TEACH MY SON HOW TO DRIVE AND CAR WOULD NOT ACCEL AS HE WAS MAKING A LEFT TURN. THIS PROBLEM IS A VERY SERIOUS SAFETY ISSUE AND NISSAN NEEDS TO GET A PERMINANT FIX IMMEDIATELY. AT THIS TIME MY VEHICLE HAS ONLY 29K MILES AND I WILL BE REPORTING PROBLEM TO NISSAN CORPORATE

- **NHTSA Id. No. 11073114 Date June 1, 2017:** TL* THE CONTACT OWNS A 2015 NISSAN PATHFINDER. WHILE DRIVING 25 MPH, THE ACCELERATOR PEDAL WAS APPLIED, BUT FAILED TO RESPOND. THE VEHICLE STALLED WITHOUT WARNING. THE VEHICLE WAS TAKEN THREE TIMES TO A LOCAL DEALER (SANDY SANSING NISSAN, 5705 PENSACOLA BLVD, PENSACOLA, FL 32505), BUT THEY WERE UNABLE TO DUPLICATE THE FAILURE. THE VEHICLE WAS NOT DIAGNOSED OR REPAIRED. THE MANUFACTURER WAS NOT NOTIFIED. THE FAILURE MILEAGE WAS 57,353.

- **NHTSA Id. No. 11219315 Date June 11, 2019:** TL* THE CONTACT OWNS A 2015 NISSAN PATHFINDER. WHILE DRIVING 10 MPH, THE ACCELERATOR PEDAL WAS APPLIED, BUT THE VEHICLE FAILED TO ACCELERATE AND STALLED. THERE WERE NO WARNING INDICATORS ILLUMINATED. THE VEHICLE WAS TAKEN TO NALLEY NISSAN OF CUMMING (1310 BUFORD HWY, CUMMING, GA 30041, (678) 648-7290) WHERE IT WAS DIAGNOSED THAT THE STOP LAMP SWITCH NEEDED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT CONTACTED. THE FAILURE MILEAGE WAS 38,000.

- **NHTSA Id. No. 11206013 Date May 5, 2019:** 2015 NISSAN PATHFINDER WITH 43,000 MILES FOR THE LAST 6 MONTHS VEHICLE HAS GIVING US PROBLEMS ACCELERATING AFTER COMING TO A COMPLETE STOP AND WHILE DRIVING AT NORMAL SPEEDS. I WOULD START TO ACCELERATE AFTER A COMPLETE STOP AND THE PATHFINDER WOULD ONLY MOVE AT A SLIGHTLY HIGHER THAN IDLE SPEED UNTIL I PUT MY FOOT ON THE

BRAKE AND THEN ONCE AGAIN ON THE ACCELERATOR PEDAL. OTHER TIMES I WILL BE DRIVING AT A SPEED ABOVE 20 MILES PER HOUR AND THE PATHFINDER WILL NO LONGER ACCELERATE PAST THE CURRENT SPEED NO MATTER HOW HARD I PRESS THE ACCELERATOR UNTIL I TAP THE BRAKE AND THEN THE ACCELERATOR. I ALSO NOTICED THAT SOME TIMES WHEN ONE OF THESE EVENTS HAPPENS, THE SLIP LIGHT INDICATOR WILL COME ON AND STAY ON UNTIL THE PATHFINDER IS TURNED OFF AND BACK ON. THIS ISSUE CAN HAPPENS RANDOMLY. THIS VEHICLE IS USED TO TRANSPORT MY KIDS TO SCHOOL & ALMOST GOT INTO A COUPLE OF ACCIDENTS DUE TO VEHICLE NOT ACCELERATING FAST ENOUGH. WIFE WILL NOT DRIVE VEHICLE DUE TO SAFETY CONCERNS NOW.

- **NHTSA Id. No. 11187173 Date March 15, 2019:** BREAK LIGHTS WILL STAY ON EVEN IF THE CAR IS PARKED. IT WILL STAY ON WHILE DRIVING. WHEN THIS HAPPENS I HAVE TO DEPRESS BRAKE PEDAL TWICE. THE OTHER ISSUE IS LOSS OF POWER. WHEN ACCELERATING FROM A COMPLETE STOP, THE CAR WILL NOT GO WHEN I PUSH THE GAS. EVEN IF THE ACCELERATOR IS FULLY DEPRESSED THE CAR WILL NOT MOVE. THIS ALSO OCCURS WHILE IN MOTION. IT HAS HAPPENED WHILE TRYING TO ACCELERATE ONTO THE HIGHWAY AND THERE WAS LOSS OF POWER.

- **NHTSA Id. No. 11149759 Date November 6, 2018:** DURING ACCELERATION THERE IS A SUDDEN COMPLETE LOSS OF POWER. ENGINE DOESN'T TURN OFF AND THE RPMS DO NOT RISE. THE POWER WILL COME BACK WITHIN A FEW SECONDS. I WAS ON A SURFACE STREET MAKING A LEFT HAND TURN ONTO TO AN ACCESS ROAD THE FIRST TIME IT HAPPENED. TODAY, THE NEXT DAY, A WAS STOPPED AT A STOP LIGHT AND WHEN I TRIED TO GO AFTER THE LIGHT TURNED GREEN I HAD ZERO POWER FOR 3-4 SECONDS.

- **NHTSA Id. No. 11104768 Date June 27, 2018:** MY TRUCK IS CURRENTLY AT THE DEALERSHIP AND THEYRE CLAIMING THAT THE TRANSMISSION NEEDS TO BE REPLACED. THIS IS A NEW TRUCK WITH 71000 MILES

- **NHTSA Id. No. 11079512 Date March 15, 2018:** ACCELERATING FROM STOP AND EXPERIENCE A STUDDER OR DELAYED ACCELERATION. MUST RELEASE ACCELERATOR AND THEN PRESS AGAIN TO ACCELERATE. THIS IS AN INTERMITTENT ISSUE AND CANNOT BE REPRODUCED ON DEMAND SO IT MAKES IT HARD TO DIAGNOSE WITH A MECHANIC.

- **NHTSA Id. No. 11359899 Date October 27, 2019:** OCTOBER 2019, I NOTICED A LOUD CLANKING NOISE ON OUR 2017 NISSAN PATHFINDER. I DO NOT LIVE NEAR DEALERSHIP, SO WE CALLED AND DESCRIBED SYMPTOMS. THE SERVICER REPORTED THAT WHILE HE COULDN'T DIAGNOSE WITHOUT SEEING THE VEHICLE, GUESSED OUR RADIATOR FAN NEEDED

REPLACED DUE TO BEING A COMMON PROBLEM, NOT UNDER WARRANTY AT APPROXIMATELY 65K ($1800 EST.) COOLING FAN REPLACED BY LOCAL MECHANIC FOR APPROXIMATELY $600 WITH AN AFTERMARKET PART. THIS FAN IS IMPERATIVE IN KEEPING THE TEMPERATURE REGULATED AND CAN CAUSE FURTHER DAMAGE AND SAFETY CONCERNS. WHICH LEADS ME TO MY NEXT COMPLAINT. SUMMER 2020. I TAKE MY PATHFINDER TO MY MECHANIC (BRAKES, TIRES, OIL CHANGE). UPON PICK-UP, HE INFORMS OF GRITTY OIL THAT HE HAS NEVER NOTED IN PREVIOUS OIL CHANGES AND RECOMMENDS I CHANGE IT AGAIN, BEFORE MY ROUTINE 3-5K. I TAKE IT BACK A MONTH LATER, AUGUST 2020 FOR INSPECTION, OILED CHANGED AGAIN. WITHIN THE NEXT FEW WEEKS MY CHECK ENGINE LIGHT TURNS ON. THE CODE IS READING A FUEL PRESSURE TEMP SENSOR. MECHANIC IS UNABLE TO LOCATE PART, EVEN FROM DEALERSHIP. I BEGIN HAVING ISSUES WITH ENGINE SURGING WHILE DRIVING/IDLING, RATTLING ENGINE, STALLING AT LIGHTS, ISSUES STARTING INCLUDING HESITANCY FOLLOWED BY REVVING. OVER TWO WEEKS, I WAS EXPERIENCING INTERMITTENT FLASHING INDICATOR LIGHTS. NO MECHANIC, AUTO PARTS WAS ABLE TO FIND A CODE. I CALLED MY CLOSEST DEALERSHIP THE LAST WEEK OF AUGUST AND RECEIVED AN APPOINTMENT FOR 9/14, 3 WEEKS AWAY. I GREW CONCERNED WITH MY FAMILIES SAFETY EACH DRIVE AND BEGAN REACHING OUT TO OTHER DEALERS (2+ HRS AWAY). MY PATHFINDER WAS TAKEN TO A DEALER 9/4/20. DIAGNOSED WITH TIMING CHAIN, GUIDE, TENSIONER ISSUES. ESTIMATE $3100. IT HAS BEEN THERE 2 WEEKS TODAY AND THEY ARE STILL UNABLE TO GET PARTS NEEDED FOR REPAIR AND ARE UNABLE TO DETERMINE WHEN THIS WILL HAPPEN. MY FAMILIES ONLY VEHICLE, LESS THAN 3 YEARS OLD, 75,000 MILES. NISSAN REFUSES TO HELP AT ALL.

- **NHTSA Id. No. 11301073 Date December 30, 2019:** I PULLED OUT TO TURN LEFT ON A FOUR LANE CITY STREET, ENTERED INTO THE FIRST 2 LANES (TRAFFIC COMING FROM DRIVER'S SIDE) WHEN THE CAR STOPPED ACCELERATING AND JUST SAT MOTIONLESS WHILE CARS IN BOTH LANES WERE MOVING TOWARD ME. SPEED LIMIT ON THAT STREET IS 50 MPH. I MAINTAINED PRESSURE ON THE GAS, AND EVENTUALLY THE CAR BEGAN TO MOVE. THE NEXT MORNING, I TOOK THE CAR TO THE BRANDON FLORIDA NISSAN DEALER AND IT WAS DETERMINED THAT THE TRANSMISSION HAD FAILED AND NEEDED TO BE "REBUILT". THIS IS A 2017 PATHFINDER WITH 45000 MILES.

- **NHTSA Id. No. 11256746 Date September 14, 2019:** TL* THE CONTACT OWNS A 2017 NISSAN PATHFINDER. WHILE DRIVING 55 MPH, THE VEHICLE BEGAN TO STALL WITHOUT WARNING. THE CONTACT TOOK THE VEHICLE TO NISSAN OF ATHENS (4735 ATLANTA HWY, BLDG. C, ATHENS, GA 30606, 706-410-1914) WHERE IT WAS DIAGNOSED THAT THE TRANSMISSION NEEDED TO BE REPLACED. THE VEHICLE WAS COVERED UNDER WARRANTY AND THE CONTACT HAD TO PAY A $50 DEDUCTIBLE

FOR THE REPAIR. THE CONTACT STATED THAT THE FAILURE CONTINUED TO OCCUR INTERMITTENTLY WITHOUT WARNING AFTER THE REPAIR. THE CONTACT RETURNED THE VEHICLE TO THE DEALER, BUT THEY WERE UNABLE TO FIND A FAILURE WITH THE VEHICLE. THE MANUFACTURER WAS NOT NOTIFIED. THE VEHICLE HAD NOT BEEN REPAIRED. THE FAILURE MILEAGE WAS APPROXIMATELY 70,381. *BF CONSUMER STATED THAT VEHICLE HESITATES TO EXCEL.*JB

- **NHTSA Id. No. 11183354 Date February 15, 2019:** I WAS DRIVING 60 MPH WHEN I SUDDENLY NOTICE THE TRUCK LOST POWER AND WAS MAKING REALLY LOUD NOISE UNDER THE FRONT BETWEEN THE FRONT TIRES. PULLED OVER TO THE SIDE OVER HIGHWAY AND CALL FOR ASSISTANTCE. TOWED THE TRUCK TO THE DEALER AND WAS TOLD MY TRANSMISSION WAS COMPLETELY DESTROYED. I WILL NEED NEW ONE LIKE NOW AND THE COST WAS 4500 DOLLARS. LUCKY I STILL HAVE MY FACTORY WARRANTY LEFT FOR ABOUT 4000 BEFORE IT EXPIRES AND I HOPE NISSAN MAN UP AND FIXES IT.

- **NHTSA Id. No. 11155797 Date December 3, 2018:** WE OWN A 2015 AND A 2017 PLATINUM PATHFINDER BOTH WITH 25K MILES. THE 2017 HAS 20-30 MORE HORSEPOWER THAN THE 2015, BUT THE 2017 IS MUCH SLOWER. THE 2017 IS VERY SLUGGISH FROM 0-35MPH. THE ACCELERATION HAS PROGRESSIVELY GOTTEN WORSE. I'VE PUT THE HIGHEST OCTANE IN AS INSTRUCTED BY NASHVILLE NISSAN; STILL SLOW. ACCELERATING UPHILL AT LOW RPMS MAKES THE ENGINE RATTLE (ABLE TO HEAR IT WHEN DRIVING BY A STRUCTURE TO BE ABLE TO HEAR THE SOUND REVERB OFF BACK TO VEHICLE). TRIED MULTIPLE DIFFERENT AIR FILTERS TO HELP ENGINE BREATHE, STILL SLOW. ANY HELP WILL HELP.

- **NHTSA Id. No. 11144797 Date October 15, 2018:** CVT TRANSMISSION SHOWS SIGNIFICANT HESITATION WHEN INCREASING SPEED ON A HILLY ROAD AND FUEL IMMOBILIZER MAKES ENGINE SHOWS SIGN OF IDOLING WHICH FEELS LIKE ENGINE IS ABOUT TO STALL

- **NHTSA Id. No. 11121811 Date August 21, 2018:** TL* THE CONTACT OWNS A 2017 NISSAN PATHFINDER. WHILE DRIVING 35 MPH, THE VEHICLE JOLTED FORWARD, THE CHECK ENGINE INDICATOR ILLUMINATED, AND THE VEHICLE STALLED. THE VEHICLE WAS TOWED TO NISSAN OF BRADENTON (1611 CORTEZ RD W, BRADENTON, FL 34207, (941) 755-1571) WHERE IT WAS DETERMINED THAT THERE WAS A JUDDER CODE FOR THE TRANSMISSION. THE CONTACT WAS ALSO INFORMED THAT THE TRANSMISSION BODY BELT NEEDED TO BE REPLACED AND, IF THE FAILURE PERSISTED, THE TRANSMISSION WOULD ALSO NEED TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER WAS NOT CONTACTED. THE APPROXIMATE FAILURE MILEAGE WAS 25,000. THE VIN WAS NOT AVAILABLE.

- **NHTSA Id. No. 11096894 Date January 5, 2018:** THE CVT TRANSMISSION DOESN'T SHIFT CORRECTLY. I HAVE BROUGHT MY CAR INTO THE DEALERSHIP AND CALLED THE MANUFACTURE 6 TIMES. THEY SAY IF IT DOESN'T SHOW A CODE THERE IS NOTHING THEY CAN DO. THE CAR WHILE DRIVING WILL NOT SHIFT CORRECTLY CAUSING YOU NOT TO BE ABLE TO MOVE AT THE SPEED OF TRAFFIC FOR UPWARDS OF 20 SECONDS AT A TIME.

- **NHTSA Id. No. 11072082 Date February 9, 2018:** WHILE DRIVING ON AN COUNTRY ROAD GOING 35, MY 2017 PATHFINDER SUV ALL OF A SUDDEN HESITATED TO GO PAST 40 FOR A FEW SECONDS. HAD MY FOOT TO THE FLOOR, THE RPM GAUGE WAS SPINNING BUT I COULDN'T GET PAST 40.

- **NHTSA Id. No. 11283210 Date September 1, 2019:** WHENEVER I ACCELERATE ON STREET FROM 10-30 MPH CAR JERKS/STUTTERS DURING ACCELERATION, ALSO WHEN I RELEASE THE GAS PEDAL CAR SLOWS DOWN AND LIGHTLY JERKS

- **NHTSA Id. No. 11207123 Date May 10, 2019:** FAULTY TRANSMISSION CAME OUT OF PARK. STATIONARY. DRIVE WAY.

- **NHTSA Id. No. 11176073 Date November 2, 2018:** WE PURCHASED A 2017 NISSAN PATHFINDER FOR OUR FAMILY 5 FROM PETERS NISSAN IN NASHUA N.H. AUGUST 2017. IN NOVEMBER 2018 WE STARTED HAVING PROBLEMS WITH THE VEHICLE LOSING POWER, AND SHAKING LIKE IT'S READY TO STALL OUT. WE TOOK IT IN TO NISSAN AND THEY CLAIMED THEY REPLACED ALL 6 FUEL INJECTORS AND 5 UPPER INJECTOR 0-RINGS. WE BROUGHT IT BACK ON DEC 3, 2018 FOR THE SAME PROBLEM AND NISSAN DOCUMENTATION STATES THAT THEY PERFORMED ROAD TEST AND VEHICLE ROAD GAUGE READ ALL THE WAY EMPTY EVEN THOUGH THE VEHICLE HAD ONE HALF A TANK OF FUEL. THEY CLAIMED TO HAVE REPLACED INTERNAL FUEL PUMP AND AND THE VEHICLE FUEL GAUGE WAS THEN READING AT THE APPROPRIATE LEVEL AND THE VEHICLE WAS RETURNED TO US. ON JAN 14, 2019 WE TOOK THE VEHICLE BACK TO NISSAN FOR THE SAME MECHANICAL PROBLEM AND THEY KEPT IT UNTIL FEB 6 CLAIMING THAT THEY WERE DOING EXTENSIVE RESEARCH TO DIAGNOSE AND FIX THE PROBLEM. AFTER 3 WEEKS WITHOUT OUR VEHICLE WE WERE CALLED TO PICK IT UP AND THE WORK ORDER STATED "ROAD TESTED VEHICLE AND COULD NOT DUPLICATE CONDITION". HOWEVER THE PAPERWORK INDICATES THAT THE MILEAGE IN WAS 23181 AND THE MILEAGE OUT WAS EXACTLY THE SAME, 23181, INDICATING THAT NISSAN NEVER REALLY DID ANYTHING TO RESOLVE THE PROBLEM. WE ARE A FAMILY OF 5 AND FOR US THIS VEHICLE WAS A HUGE INVESTMENT, WE'RE CONFIDENT IN THE NISSAN BRAND NAME BUT NOW WE ARE REGRETTING OUR DECISION. WE HAVE REQUESTED THAT NISSAN BUY THE VEHICLE BACK SO WE CAN

PURCHASE A RELIABLE VEHICLE FROM ANOTHER BRAND NAME CORPORATION OR AT A MINIMUM REPLACE THIS VEHICLE WITH A NEW NISSAN PATHFINDER TO NO AVAIL, SO NOW WE FEEL WE ARE STUCK WITH THIS HIGH PRICED LEMON.

- **NHTSA Id. No. 11035353 Date September 14, 2017:** I HAVE A 2017 NISSAN PATHFINDER LAST MONTH I STARTED TO HAVE PROBLEM WITH THE VEHICLE WENT ENTERING A HIGHWAY THE VEHICLE BEGINS TO STUTTERS AND SOMETIMES IT HESITATE FOR A FEW SECONDS AND RETURNS TO NORMAL BUT THAT'S CONSTANTLY I TOOK IT TO THE DEALER BUT DID SAID THAT NOTHING IS WRONG WITH THE VEHICLE TO KEEP DRIVING UNTIL IT GIVE A CODE IT HAS HAPPEN SEVERAL TIMES AND THE DEALER CANT FIND ANYTHING WHAT'S NEXT WAIT UNTIL THE TRANSMISSION GOES AND I HAVE TO PAY FOR IT NOT FARE

- **NHTSA Id. No. 11288743 Date September 6, 2019:** CAR CONSTANTLY STUTTERS, WHEN DRIVING ON THE HIGHWAY IT FEELS LIKE WHEN YOU RUN OUT OF GAS, I'VE HAD MULTIPLE PROBLEMS WITH THE MASS AIRFLOW SENSOR WHICH IS UNRESOLVED AND UNABLE TO BE DUPLICATED WHEN NEEDED TO BE FOUND. THE 2 WEEKS AFTER PURCHASE THE FAN WENT OUT. I'VE REPLACED THE MASS AIR FLOW SENSOR AND STILL SAME ISSUE. THE TOUCH SCREEN GOES BLACK AND ALSO IS NO LONGER WORKING. ALL PROBLEMS STARTED RIGHT AFTER WARRANTY ENDED. I'VE BEEN STRANDED MULTIPLE TIMES IN DIFFERENT CITIES. WHEN THE CAR IS STATIONARY AND ON IT BLOWS OUT WHITE SMOKE AFTER A CERTAIN AMOUNT OF TIME. I'M SCARED TO PULL OUT IN TRAFFIC BECAUSE THE HESITATION AND THE FEELING OF IT GOING TO LOSE POWER.

- **NHTSA Id. No. 11360815 Date August 28, 2018:** TL* THE CONTACT OWNS A 2018 NISSAN PATHFINDER. THE CONTACT STATED WHILE DRIVING 60 MPH, THE VEHICLE HESITATED WITHOUT WARNING. THE CONTACT CONTINUED DRIVING TO HIS DESTINATION. THE VEHICLE WAS TAKEN TO COULTER NISSAN LOCATED AT 13301 N AUTOSHOW AVE, SURPRISE, AZ 85388, (833) 782-8468, HOWEVER, THE MECHANIC WAS UNABLE TO DUPLICATE THE FAILURE. THE CONTACT STATED THAT THE FAILURE PERSISTED. THE CONTACT ALSO STATED THAT THE BATTERY WAS REPLACED THREE TIMES. THE VEHICLE WAS NOT REPAIRED. THE MANUFACTURER HAD NOT BEEN INFORMED OF FAILURE. THE FAILURE MILEAGE WAS APPROXIMATELY 7,000.

- **NHTSA Id. No. 11310448 Date January 10, 2020:** THE TRANSMISSION SEEMS TO BE SLIPPING. AT LOW RPMS THERE IS A NOTICEABLE METALLIC SOUND AND LOSS OF POWER, ESPECIALLY WHEN MAKING LEFT OR RIGHT TURNS. I HAVE TAKEN THE VEHICLE TO MY LOCAL DEALERSHIP AT LEAST THREE TIMES WITHOUT THEM FINDING A SOLUTION OR BEING

ABLE TO FIX THE ISSUE. INSTEAD I'M BEING TOLD THAT THE HEAT SHIELD IS THE ISSUE AND THAT IT HAS BEEN TAKEN CARE OFF EVEN THOUGH THE PROBLEM STILL EXISTS.

- **NHTSA Id. No. 11289203 Date December 15, 2019:** TRANSMISSION SLIPPING UNDER CLOSE WEATHER. SQUEAKY NOISE AS WELL.

- **NHTSA Id. No. 11267852 Date September 22, 2019:** WHEN DRIVING AT DIFFERING SPEEDS, THE TRANSMISSION REDUCES, THEN STOPS APPLYING POWER TO THE WHEELS, AND ACTS AS THOUGH IT'S IN NEUTRAL. THIS HAS HAPPENED AT FREEWAY SPEEDS, DOWN TO BELOW 20 MPH, AND A ALL OPERATING TEMPERATURES. THE BRAKE PEDAL WAS NOT TOUCHED IN CONJUNCTION WITH THE GAS PEDAL, AND THE VEHICLE WAS ALWAYS IN DRIVE. THIS HAS NOW HAPPENED TO US A MINIMUM OF 6 TIMES, WITH NO RESOLUTION FROM NISSAN.

- **NHTSA ID No. 11330258, Date June 23, 2020:** MY VEHICLE IS A 2017 NISSAN PATHFINDER. WHEN DRIVING AND COMING TO A STOP, THEN ATTEMPTING TO ENTER TRAFFIC OR CLIMB A HILL, THERE IS NO ACCELERATION. IT HAS A HESITATION WHICH IS VERY CONCERNING WHEN ATTEMPTING TO MERGE INTO TRAFFIC. MY VEHICLE ALMOST APPEARS TO SPUTTER OUT. THIS HAS OCCURRED WITH ME SEVERAL TIMES BUT WITH FRIENDS AND FAMILY IN THE VEHICLE AT LEAST FOUR TIMES. THE DEALER DID ATTEMPT TO REMEDY THE SITUATION WITH A RECALLED PART ON THE TRANSMISSION, HOWEVER, IT IS STILL HAPPENING. I HAVE BEEN DEALING WITH THIS ISSUE SINCE FEBRUARY 2017, STILL ONGOING.

46.    Although Nissan was aware of the widespread nature of the CVT Defect in the Class Vehicles, and that it posed grave safety risks, Nissan has failed to take adequate steps to notify all Class Vehicle owners of the Defect and provide relief.

47.    Customers have reported the CVT Defect in the Class Vehicles to Nissan directly and through its dealers.  Defendants are fully aware of the CVT Defect contained in the Class Vehicles.  Nevertheless, Defendants actively concealed the existence and nature of the Defect from Plaintiffs and the other Class Members at the time of purchase or repair and thereafter. Specifically, Defendants:

a.    failed to disclose, at the time of purchase or repair and thereafter, any and all known material defects or material nonconformities of the Class Vehicles, including the CVT Defect;

b. failed to disclose, at the time of purchase or repair and thereafter, that the Class Vehicles and their CVTs were not in good working order, were defective, and were not fit for their intended purpose; and

c. failed to disclose and/or actively concealed the fact that the Class Vehicles and their CVTs were defective, despite the fact that Defendants learned of the CVT Defect before they placed the Class Vehicles in the stream of commerce.

48. Defendants have deprived Class Members of the benefit of their bargain, exposed them all to a dangerous safety Defect, and caused them to expend money at their dealerships or other third-party repair facilities and/or take other remedial measures related to the CVT Defect contained in the Class Vehicles.

49. Defendants have not recalled the Class Vehicles to repair the CVT Defect, have not offered to their customers a suitable repair or replacement of parts related to the CVT Defect free of charge, and have not reimbursed all Class Vehicle owners and leaseholders who incurred costs for repairs related to the CVT Defect.

50. Class Members have not received the value for which they bargained when they purchased or leased the Class Vehicles. Because many Class Members, like Plaintiffs, are current owners or lessees who rely on their vehicles on a daily basis, compensation for repairs, related expenses (e.g. towing) and diminution in value is not sufficient. A remedial scheme which also makes available a fix and/or warranty extension is necessary to make Class Members whole and to protect the motoring public.

51. As a result of the CVT Defect, the value of the Class Vehicles has diminished, including without limitation, the resale value of the Class Vehicles. Reasonable consumers, like Plaintiffs, expect and assume that a vehicle's transmission is not defective and will not malfunction while operating the vehicle as it is intended. Plaintiffs and Class Members further expect and assume that Nissan will not sell or lease vehicles with known safety defects, such as the CVT Defect, and will fully disclose any such defect to consumers prior to purchase or offer

a suitable non-defective repair. They do not expect that Nissan would fail to disclose the CVT Defect to them, and then purport to remedy the defect with ineffective software updates.

## VII. TOLLING OF THE STATUTE OF LIMITATIONS

52. Plaintiffs and the other Class Members were not reasonably able to discover the CVT Defect, despite their exercise of due diligence.

53. Despite their due diligence, Plaintiffs and the other Class Members could not reasonably have been expected to learn or discover that they were deceived and that material information concerning the Class Vehicles and their continuously variable transmission was concealed from them.

54. In addition, even after Class Members contacted Nissan and/or its authorized agents for vehicle repairs concerning the defective nature of the Class Vehicles and their continuously variable transmissions, they were routinely told by Nissan and/or through their authorized agents for vehicle repairs that the Class Vehicles are not defective.

55. Hence, any applicable statute of limitation, if any, has been tolled by Nissan's knowledge, active concealment, and denial of the facts alleged herein. Nissan is further estopped from relying on any statute of limitation because of its concealment of the defective nature of the Class Vehicles and their continuously variable transmissions.

## VIII. CLASS ACTION ALLEGATIONS

56. Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated as members of the proposed Classes pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions.

57. The Classes are defined as:

> **Nationwide Class:** All persons who purchased or leased any 2015 through present Nissan Pathfinder vehicle in the United States.

> **California Sub-Class:** All Members of the Nationwide Class who purchased or leased any 2015 through present Nissan Pathfinder vehicle in the State of California.

**Ohio Sub-Class:** All Members of the Nationwide Class who purchased or leased any 2015 through present Nissan Pathfinder vehicle in the State of Ohio.

58.     Excluded from the Class and Sub-class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.  Plaintiffs reserve the right to amend the Class definition, and to add subclasses, if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

59.     Numerosity: Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.  The Class Members are readily identifiable from, *inter alia*, information and records in Defendants' possession, custody, or control.

60.     Typicality: The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all Class Members, paid for Class Vehicles designed, manufactured, and distributed by Defendants which are subject to the CVT Defect. The representative Plaintiffs, like all Class Members, have been damaged by Defendants' misconduct in that they have incurred or will incur the cost of repairing or replacing their malfunctioning continuously variable transmission and related parts as a result of the CVT Defect.  Further, the factual bases of Defendants' misconduct are common to all Class Members and represent a common thread of fraudulent, deliberate, and/or grossly negligent misconduct resulting in injury to all Class Members.

61.     Commonality: There are numerous questions of law and fact common to Plaintiffs and the Classes that predominate over any question affecting only individual Class Members. These common legal and factual questions include the following:

a.      whether the Class Vehicles suffer from the CVT Defect;

b.      whether the CVT Defect constitutes an unreasonable safety hazard;

c.      whether Defendants know about the CVT Defect and, if so, how long Defendants have known of the Defect;

d.      whether the defective nature of the Class Vehicles' CVT constitutes a material fact;

e.      whether Defendants had and have a duty to disclose the defective nature of the Class Vehicles' CVT to Plaintiffs and the other Class Members;

f.      whether Plaintiffs and the other Class Members are entitled to equitable relief, including, but not limited to, a preliminary and/or permanent injunction;

g.      whether Defendants knew or reasonably should have known of the CVT Defect contained in the Class Vehicles before they sold or leased them to Class Members; and

h.      Whether Defendants: (1) violated the California Consumers Legal Remedies Act, California Civil Code sections 1750 *et seq.*; (2) violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (3) breached the implied warranty pursuant to Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1 *et seq.*, and Cal. Comm. Code §2314; (4) violated the Ohio's Consumer Sales Practices Act Ohio Rev. Code § 1345 *et seq.*; (5) breached the implied warranty in tort, Ohio Rev. Code § 1302.27; (6) were negligent under Ohio law; (7) violated the implied warranties under the Magnuson-Moss Warranty Act (15 U.S.C. §2301, *et seq.*); and (8) are liable for fraudulent omission.

62.     <u>Adequate Representation</u>: Plaintiffs will fairly and adequately protect the interests of the Class Members. Plaintiffs have retained attorneys experienced in the prosecution

of class actions, including consumer and product defect class actions, and Plaintiffs intend to prosecute this action vigorously.

63. <u>Predominance and Superiority</u>: Plaintiffs and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## **FIRST CAUSE OF ACTION**

(Violation of California's Consumers Legal Remedies Act,
California Civil Code § 1750 *et seq.* ("CLRA") on behalf of the Nationwide Class or, in the alternative, the California Sub-Class)

64. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

65. Plaintiff Brandon Lane brings this cause of action on behalf of himself and on behalf of the members of the Nationwide Class or, in the alternative, on behalf of the members of the California Sub-Class.

66. Nissan is a "person" as defined by California Civil Code § 1761(c).

67. Plaintiff and the other Class Members are "consumers" within the meaning of California Civil Code § 1761(d).

68. By failing to disclose and concealing the defective nature of the Class Vehicles' continuously variable transmission from Plaintiff and prospective Class Members, Defendants

violated California Civil Code § 1770(a), as they represented that the Class Vehicles had characteristics and benefits that they do not have, represented that the Class Vehicles were of a particular standard, quality, or grade when they were of another, and advertised the Class Vehicles with the intent not to sell them as advertised. *See* Cal. Civ. Code §§ 1770(a)(5), (7) & (9).

69.     Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

70.     Defendants knew that the Class Vehicles' continuously variable transmissions suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

71.     Defendants were under a duty to Plaintiff and the Class Members to disclose the defective nature of the Class Vehicles' continuously variable transmissions and/or the associated repair costs because:

a.     Defendants were in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' CVTs;

b.     Plaintiff and the Class Members could not reasonably have been expected to learn or discover that their continuously variable transmissions have a dangerous safety defect until after they purchased the Class Vehicles;

c.     Defendants knew that Plaintiff and the Class Members could not reasonably have been expected to learn about or discover the CVT Defect; and

d.      Defendants actively concealed the defective nature of the Class Vehicles' CVTs from Plaintiff and Class Members at the time of sale and thereafter.

72.     By failing to disclose the CVT Defect, Defendants knowingly and intentionally concealed material facts and breached their duty not to do so.

73.     The facts concealed or not disclosed by Defendants to Plaintiff and the other Class Members are material because a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Class Vehicles, or to pay less for them. Had Plaintiff and other Class Members known that the Class Vehicles' continuously variable transmissions were defective, they would not have purchased the Class Vehicles or would have paid less for them.

74.     Plaintiff and the other Class Members are reasonable consumers who do not expect that their vehicles will suffer from a CVT Defect.  That is the reasonable and objective consumer expectation for vehicles and their transmissions.

75.     As a result of Defendants' misconduct, Plaintiff and the other Class Members have been harmed and have suffered actual damages in that the Class Vehicles and their continuously variable transmissions are defective and require repairs or replacement.

76.     As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiff and the other Class Members have suffered and will continue to suffer actual damages.

77.     By a letter dated October 23, 2020, and sent via certified mail, Plaintiff provided Defendants with notice of their alleged violations of the CLRA pursuant to California Civil Code Section 1782(a) and demanded that Defendants rectify the problems associated with the behavior detailed above.  As of the filing of this Class Action Complaint, Defendants have failed to agree to Plaintiffs' demands and have failed to give notice to all affected consumers, as required by California Civil Code Section 1782.

78.     Accordingly, Plaintiff seeks an order enjoining the acts and practices described above.

79.     Plaintiff additionally seeks actual damages, restitution, statutory and punitive damages, attorneys' fees and costs, and any other relief that the Court deems proper under Section 1780(a) of the CLRA pursuant to Civil Code Section 1782(d), due to Defendants' failure to rectify or agree to adequately rectify its violations as detailed above.

## SECOND CAUSE OF ACTION

### (Violation of Unfair Competition Law,
California Business & Professions Code § 17200 *et seq.* ("UCL") on behalf of the Nationwide Class or, in the alternative, the California Sub-Class)

80.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

81.     Plaintiff Brandon Lane brings this cause of action on behalf of himself and on behalf of the members of the Nationwide Class or, in the alternative, on behalf of the members of the California Sub-Class.

82.     California Business & Professions Code Section 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

83.     Defendants knew that the Class Vehicles' continuously variable transmissions suffered from an inherent defect, were defectively designed and/or manufactured, would fail prematurely, and were not suitable for their intended use.

84.     In failing to disclose the CVT Defect, Defendants knowingly and intentionally concealed material facts and breached their duty not to do so, thereby engaging in a fraudulent business act or practice within the meaning of the UCL.

85.     Defendants were under a duty to Plaintiff and the other Class Members to disclose the defective nature of the Class Vehicles' continuously variable transmissions because:

        a.     Defendants were in a superior position to know the true state of facts about the safety defect in the Class Vehicles' CVTs;

        b.     Plaintiff and the Class Members could not reasonably have been expected to learn or discover that their continuously variable transmissions have a dangerous safety defect until after they purchased the Class Vehicles;

        c.     Defendants knew that Plaintiff and the Class Members could not reasonably have been expected to learn about or discover the CVT Defect; and

d. Defendants actively concealed the defective nature of the Class Vehicles' CVTs from Plaintiff and Class Members at the time of sale and thereafter.

86. The facts concealed or not disclosed by Defendants to Plaintiff and the other Class Members are material because a reasonable person would have considered them to be important in deciding whether or not to purchase or lease Defendants' Class Vehicles, or to pay less for them. Had Plaintiff and other Class Members known that the Class Vehicles suffered from the CVT Defect described herein, they would not have purchased or leased the Class Vehicles or would have paid less for them.

87. Defendants continued to conceal the defective nature of the Class Vehicles and their CVT even after Class Members began to report problems. Indeed, Defendants continue to cover up and conceal the true nature of this systematic problem today.

88. Defendants' omissions of material facts, as set forth herein, also constitute "unfair" business acts and practices within the meaning of the UCL, in that Defendants' conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous. Plaintiff also asserts a violation of public policy arising from Defendants' withholding of material safety facts from consumers. Defendants' violation of consumer protection and unfair competition laws resulted in harm to consumers.

89. Defendants' omission of material facts, as set forth herein, also constitute unlawful business acts or practices because they violate consumer protection laws, warranty laws and the common law as set forth herein.

90. Thus, by their conduct, Defendants have engaged in unfair competition and unlawful, unfair, and fraudulent business practices.

91. Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business and were capable of deceiving a substantial portion of the purchasing public.

92. As a direct and proximate result of Defendants' unfair and deceptive practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

93.     Defendants have been unjustly enriched and should be required to make restitution to Plaintiff and Class Members pursuant to sections 17203 and 17204 of the Business & Professions Code.

## THIRD CAUSE OF ACTION

(Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty Act, California Civil Code §§ 1792 and 1791.1 *et seq.,* and Cal. Comm. Code §2314 on behalf of the Nationwide Class or, in the alternative, the California Sub-Class)

94.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

95.     Plaintiff Brandon Lane brings this cause of action on behalf of himself and on behalf of the members of the Nationwide Class or, in the alternative, on behalf of the members of the California Sub-Class.

96.     Defendants were at all relevant times the manufacturer, distributor, warrantor, and/or seller of the Class Vehicles.  Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased.

97.     Defendants provided Plaintiff and Class Members with an implied warranty that the Class Vehicles and any parts thereof were merchantable and fit for the ordinary purposes for which they were sold.  However, the Class Vehicles were and are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because the Class Vehicles suffer from a CVT Defect that can make driving unreasonably dangerous.

98.     Defendants impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use.  This implied warranty included, among other things: (i) a warranty that the Class Vehicles' CVTs designed, manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles' CVTs would be fit for their intended use while the Class Vehicles were being operated.

99.     Contrary to the applicable implied warranties, the Class Vehicles' CVTs, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing

Plaintiff and the other Class Members with reliable, durable, and safe transportation. Instead, the Class Vehicles are defective, as described more fully above.

100. Defendants' actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of California Civil Code sections 1792 and 1791.1, and California Commercial Code section 2314.

## FOURTH CAUSE OF ACTION

(Violation of Ohio's Consumer Sales Practices Act Ohio Rev. Code
§ 1345 *et seq.* ("Ohio CSPA") on behalf of the Nationwide Class or, in the alternative, the
Ohio Sub-Class)

101. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

102. Plaintiffs Debbie O'Connor and Michelle Williams bring this cause of action on behalf of themselves and on behalf of the members of the Nationwide Class, or, in the alternative, on behalf of the members of the Ohio Sub-Class.

103. Nissan is a "supplier" as defined by Ohio Rev. Code Ann. § 1345.01(C).

104. Plaintiffs and the other Class Members are "consumers" within the meaning of § 1345.01(D).

105. By failing to disclose and concealing the defective nature of the Class Vehicles' continuously variable transmission from Plaintiffs and prospective Class Members Defendants violated the OHIO CSPA, as they represented that the Class Vehicles had characteristics and benefits that they do not have, represented that the Class Vehicles were of a particular standard, quality, or grade when they were of another, and advertised the Class Vehicles with the intent not to sell them as advertised.

106. Defendants' unfair and deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public and imposed a serious safety risk on the public.

107. Defendants knew that the Class Vehicles' continuously variable transmissions suffered from an inherent defect, were defectively designed or manufactured, would fail prematurely, and were not suitable for their intended use.

108. Defendants were under a duty to Plaintiffs and the Class Members to disclose the defective nature of the Class Vehicles' continuously variable transmissions and/or the associated repair costs because:

    a.   Defendants were in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' CVTs;

    b.   Plaintiffs and the Class Members could not reasonably have been expected to learn or discover that their continuously variable transmissions have a dangerous safety defect until after they purchased the Class Vehicles;

    c.   Defendants knew that Plaintiffs and the Class Members could not reasonably have been expected to learn about or discover the CVT Defect; and

    d.   Defendants actively concealed the defective nature of the Class Vehicles' CVTs from Plaintiff and Class Members at the time of sale and thereafter.

109. By failing to disclose the CVT Defect, Defendants knowingly and intentionally concealed material facts and breached its duty not to do so.

110. The facts concealed or not disclosed by Defendants to Plaintiffs and the other Class Members are material because a reasonable consumer would have considered them to be important in deciding whether or not to purchase the Class Vehicles, or to pay less for them. Had Plaintiffs and other Class Members known that the Class Vehicles' continuously variable transmissions were defective, they would not have purchased the Class Vehicles or would have paid less for them.

111. Plaintiffs and the other Class Members are reasonable consumers who do not expect that their vehicles will suffer from a CVT Defect. That is the reasonable and objective consumer expectation for vehicles and their continuously variable transmissions.

112.    The Ohio Attorney General has made available for public inspection prior state court decisions which have held that the acts and omissions of Defendants in this Complaint, including, but not limited to, the failure to honor both implied and express warranties, the making and distribution of false, deceptive, and/or misleading representations, and the concealment and/or non-disclosure of a dangerous defect, constitute deceptive sales practices in violation of OCSPA.  These cases include, but are not limited, the following:

a.    *Mason v. Mercedes Benz USA, LLC* (OPIF #10002382);

b.    *State ex rel. Betty D. Montgomery v. Volkswagen Motor Co.* (OPIF #10002123);

c.    *State ex rel. Betty D. Montgomery v. Bridgestone/Firestone, Inc.* (OPIF #10002025);

d.    *Bellinger v. Hewlett-Packard Co.*, No. 20744, 2002 Ohio App. LEXIS 1573 (Ohio Ct. App. Apr. 10, 2002) (OPIF #10002077);

e.    *Borror v. MarineMax of Ohio*, No. OT-06-010, 2007 Ohio App. LEXIS 525 (Ohio Ct. App. Feb. 9, 2007) (OPIF #10002388);

f.    *State ex rel. Jim Petro v. Craftmatic Organization, Inc.* (OPIF #10002347);

g.    *Mark J. Craw Volkswagen, et al. v. Joseph Airport Toyota, Inc.* (OPIF #10001586);

h.    *State ex rel. William J. Brown v. Harold Lyons, et al.* (OPIF #10000304);

i.    *Brinkman v. Mazda Motor of America, Inc.* (OPIF #10001427);

j.    *Khouri v. Don Lewis* (OPIF #100001995);

k.    *Mosley v. Performance Mitsubishi aka Automanage* (OPIF #10001326);

l.    *Walls v. Harry Williams dba Butch's Auto Sales* (OPIF #10001524); and

m.    *Brown v. Spears* (OPIF #10000403).

113.    As a result of Defendants' misconduct, Plaintiffs and the other Class Members have been harmed and have suffered actual damages in that the Class Vehicles and their continuously variable transmissions are defective and require repairs or replacement.

114.     As a direct and proximate result of Defendants' unfair or deceptive acts or practices, Plaintiffs and the other Class Members have suffered and will continue to suffer actual damages.

115.     Accordingly, Plaintiffs seek an order enjoining the acts and practices described above.

116.     Plaintiffs additionally seek actual damages, restitution, statutory and punitive damages, attorneys' fees and costs, and any other relief that the Court deems proper under Ohio Rev. Code § 1345.09 *et seq*. due to Defendants' failure to rectify or agree to adequately rectify its violations as detailed above.

## FIFTH CAUSE OF ACTION

(Breach of Implied Warranty in Tort Ohio Rev. Code § 1302.27
on behalf of the Nationwide Class or, in the alternative, the Ohio-Sub-Class)

117.     Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

118.     Plaintiffs Debbie O'Connor and Michelle Williams bring this cause of action on behalf of themselves and on behalf of the members of the Nationwide Class or, in the alternative, on behalf of the members of the Ohio Class.

119.     Defendants were at all relevant times the merchant, manufacturer, distributor, warrantor, and/or seller of the Class Vehicles. Defendants knew or had reason to know of the specific use for which the Class Vehicles were purchased.

120.     Defendants provided Plaintiffs and Class Members with an implied warranty that the Class Vehicles and any parts thereof were merchantable and fit for the ordinary purposes for which they were sold. However, the Class Vehicles were and are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because the Class Vehicles suffer from a CVT Defect that can make driving unreasonably dangerous.

121.     Defendants impliedly warranted that the Class Vehicles were of merchantable quality and fit for such use. This implied warranty included, among other things: (i) a warranty

that the Class Vehicles' CVTs designed, manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for providing transportation; and (ii) a warranty that the Class Vehicles' CVTs would be fit for their intended use while the Class Vehicles were being operated.

122. Contrary to the applicable implied warranties, the Class Vehicles' CVTs, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiffs and the other Class Members with reliable, durable, and safe transportation. Instead, the Class Vehicles are defective, as described more fully above.

123. Defendants' actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use in violation of Ohio law.

## SIXTH CAUSE OF ACTION

(Negligence (OH) on behalf of the Nationwide Class
and, in the alternative, the Ohio-Sub-Class)

124. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

125. Plaintiffs Debbie O'Connor and Michelle Williams bring this cause of action on behalf of themselves and on behalf of the members of the Nationwide Class or, in the alternative, on behalf of the members of the Ohio Class.

126. Nissan had a duty to design and manufacture a product that would be safe for its intended and foreseeable uses and users, including the use to which its products were put by Plaintiffs and other Class Members. Nissan breached its duties to Plaintiffs and other class members because it was negligent in the design, development, manufacturer, and testing of the Class Vehicles, and Nissan is responsible for this negligence.

127. Nissan was negligent in the design, development, manufacturer, and testing of the Class Vehicle's CVT because it knew, or in the exercise of reasonable care should have known, that the vehicles equipped with defective CVTs pose an unreasonable risk of serious bodily injury to Plaintiffs and other class members, other motorists, pedestrians, and the public at large.

128.    A finding that Nissan owed a duty to Plaintiffs and other class members would not significantly burden Nissan.

129.    As a direct, reasonably foreseeable, and proximate result of Nissan's failure to exercise reasonable care to inform Plaintiffs and the class members about the CVT Defect or to provide appropriate repair procedures for it, Plaintiffs and Class Members have suffered damages in that they spent more money than they otherwise would have on Class Vehicles with diminished value.

130.    Plaintiffs and Class Members could not have prevented the damages caused by Nissan's negligence through the exercise of reasonable diligence.  Neither Plaintiffs nor Class Members contributed in any way to Nissan's failure to provide appropriate notice and repair procedures.

131.    Plaintiffs and Class Members seek to recover the damages caused by Nissan. Because Nissan acted fraudulently and with wanton and reckless misconduct, Plaintiffs also seek punitive damages.

## SEVENTH CAUSE OF ACTION

(Breach of Implied Warranty Under Magnuson-Moss Warranty Act,
15 U.S.C. § 2301 *et seq.* on behalf of the Nationwide Class or, in the alternative, the California and Ohio Sub-Classes)

132.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

133.    Plaintiffs Brandon Lane, Debbie O'Connor and Michelle Williams bring this cause of action on behalf of themselves and on behalf of the members of the Nationwide Class, or, in the alternative, on behalf of the members of the California and Ohio Sub-Classes.

134.    Plaintiffs and Class Members are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

135.    Defendants are a "supplier" and "warrantor" within the meaning of 15 U.S.C. §§ 2301(4)-(5).

136. The Class Vehicles are "consumer products" within the meaning of 15 U.S.C. § 2301(1).

137. Defendants' implied warranty is an "implied warranty" within the meaning of 15 U.S.C. § 2301(7).

138. Defendants breached the implied warranty as to Plaintiffs Brandon Lane, Debbie O'Connor and Michelle Williams by virtue of the above-described acts.

139. Plaintiffs and the other Class Members notified Defendants of the breach within a reasonable time and/or were not required to do so. Defendants were also on notice of the CVT Defect from, among other sources, the complaints and service requests it received from Class Members and its dealers.

140. Defendants' breach of the implied warranty deprived Plaintiffs and Class Members of the benefits of their bargains.

141. As a direct and proximate result of Defendants' breach of the implied warranty, Plaintiffs and the other Class Members sustained damages and other losses in an amount to be determined at trial. Defendants' conduct damaged Plaintiffs and the other Class Members, who are entitled to recover actual damages, consequential damages, specific performance, diminution in value, and costs, including statutory attorney fees and/or other relief as appropriate.

## EIGHTH CAUSE OF ACTION

(Fraudulent Omission on behalf of the Nationwide Class
and, in the alternative, the California and Ohio Sub-Classes)

142. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

143. Plaintiffs Brandon Lane, Debbie O'Connor and Michelle Williams bring this cause of action on behalf of themselves and on behalf of the members of the Nationwide Class, and, in the alternative, on behalf of the members of the California and Ohio Sub-Classes.

144. Defendants knew that the Class Vehicles' CVTs were defectively designed and/or manufactured, would fail, and were not suitable for their intended use.

145. Defendants concealed from and failed to disclose to Plaintiff and Class Members the defective nature of the Class Vehicles and their CVTs.

146. Defendants were under a duty to Plaintiffs and Class Members to disclose the defective nature of the Class Vehicles' CVTs because:

a. Defendants were in a superior position to know the true state of facts about the safety defect contained in the Class Vehicles' CVTs;

b. Plaintiffs and the Class Members could not reasonably have been expected to learn or discover that their continuously variable transmissions have a dangerous safety defect until after they purchased the Class Vehicles;

c. Defendants knew that Plaintiffs and the Class Members could not reasonably have been expected to learn about or discover the CVT Defect; and

d. Defendants actively concealed the defective nature of the Class Vehicles' CVTs from Plaintiffs and Class Members.

147. The facts concealed or not disclosed by Defendants to Plaintiffs and the other Class Members are material in that a reasonable person would have considered them to be important in deciding whether to purchase or lease Defendants' Class Vehicles or pay a lesser price for them. Had Plaintiffs and Class Members known about the defective nature of the Class Vehicles' CVTs, they would not have purchased or leased the Class Vehicles, or would have paid less for them.

148. Defendants concealed or failed to disclose the true nature of the design and/or manufacturing defects contained in the Class Vehicles' CVTs in order to induce Plaintiffs and Class Members to act thereon. Plaintiffs and the other Class Members justifiably relied on Defendants' omissions to their detriment. This detriment is evident from Plaintiffs' and Class Members' purchase or lease of Defendants' defective Class Vehicles.

149.    Defendants continued to conceal the defective nature of the Class Vehicles' CVTs even after Class Members began to report the problems. Indeed, Defendants continue to cover up and conceal the true nature of the problem today.

150.    As a direct and proximate result of Defendants' misconduct, Plaintiffs and Class Members have suffered and will continue to suffer actual damages.

## RELIEF REQUESTED

151.    Plaintiffs on behalf of themselves and all others similarly situated, request that the Court to enter judgment against Defendants, and issue an order providing the following relief:

a.    An order certifying the proposed Class and Sub-Classes, designating Plaintiffs as a named representative of the Class, and designating the undersigned as Class Counsel;

b.    A declaration that Nissan is financially responsible for notifying all Class Members about the defective nature of the CVT, including the need for periodic maintenance;

c.    An order directing Defendants to provide notice, in a form pre-approved by the counsel identified below, to all current owners or lessees of the Class Vehicles in the Class or Sub-Classes, and in the said notice offer to replace the defective CVT contained in every Class Vehicle with a non-defective CVT;

d.    An order directing Defendants to provide notice, in a form pre-approved by the counsel identified below, to all current owners and lessees of the Class Vehicles in the Class or Sub-Classes, of an appropriate warranty extension of the Class Vehicles' CVT and related components.

e.    An order directing Defendants to offer reimbursement to all current and former owners and lessees of the Class Vehicles in the Class and Sub-Classes, for all expenses already incurred as a result of the CVT Defect, including repairs, diagnostics, and any other consequential and incidental damages (*e.g.* towing charges, vehicle rentals, etc.).

f.    An order directing Defendants to immediately cease the sale and leasing of the Class Vehicles at authorized Nissan dealerships Nationwide without first notifying the purchasers

of the CVT Defect, and otherwise immediately cease to engage in the violations of law as set forth above.

       g.     Damages and restitution in an amount to be proven at trial.

       h.     Any and all remedies provided pursuant to the state consumer protection laws, implied warranty laws, the Magnuson-Moss Warranty Act and under common law fraud;

       i.     An award to Plaintiffs and the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

       j.     That Defendants disgorge, for the benefit of the Class and Sub-Classes, all or part of the ill-gotten profits it received from the sale or lease of the Class Vehicles, and/or make full restitution to Plaintiffs and Class Members;

       k.     An award of attorneys' fees and costs, as allowed by law;

       l.     An award of attorneys' fees and costs as allowable under the laws pursuant to which Plaintiffs' claims are brought;

       m.     An award of pre-judgment and post-judgment interest, as provided by law;

       n.     Leave to amend the Complaint to add further class and to conform to the evidence produced at trial; and,

       o.     Such other relief as may be appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

DATED:  Febrauary 25, 2021                    Respectfully submitted,

By:*/s/ J. Gerard Stranch, IV*
J. Gerard Stranch, IV (BPR 23045)
Benjamin A. Gastel (BPR 28699)
**BRANSTETTER, STRANCH & JENNINGS PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Phone: 615-254-8801
Fax: 615-255-5419
gerards@bsjfirm.com
beng@bsjfirm.com

**GREENSTONE LAW APC**
Mark Greenstone (*pro hac vice to be filed*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9156
Facsimile: (310) 201-9160
mgreenstone@greenstonelaw.com

**GLANCY PRONGAY & MURRAY LLP**
Marc L. Godino (*pro hac vice to be filed*)
Danielle L. Manning (*pro hac vice to be filed*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
MGodino@glancylaw.com
dmanning@glancylaw.com


*Attorneys for Plaintiffs*